648 S.E.2d 66

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**James K. HOSBY, Defendant Below, Appellant.**

**No. 33247.**

Supreme Court of Appeals of West Virginia.

Submitted: May 9, 2007.

Decided: June 7, 2007.

James T. Kratovil, Esq., Kratovil and Amore, PLLC, Charles Town, for Appellant.

Darrell V. McGraw, Jr., Esq., Attorney General, R. Christopher Smith, Esq., Assistant Attorney General, Charleston, for Appellee.

PER CURIAM.

This case is before this Court upon appeal of a final order of the Circuit Court of Jefferson County entered on October 24, 2005. In that order, the circuit court revoked the probation of the appellant and defendant below, James K. Hosby, and ordered him to serve the remainder of the one-year jail sentence he received as a result of his guilty plea to the misdemeanor offense of failure to pay child support, a violation of W.Va.Code § 61–5–29(1) (1999).[1] In this appeal, the appellant

---

1. W.Va.Code § 61–5–29(1) provides:

A person who: (a) Persistently fails to provide support which he or she can reasonably provide and which he or she knows he or she has a duty to provide to a minor; or (b) is subject to court order to pay any amount for the support of a minor child and is delinquent in meeting the full obligation established by the order and has been delinquent for a period of at least six months' duration, is guilty of a misdemeanor and, upon conviction thereof, shall be fined not less than one hundred dol-

contends that the circuit court erred by revoking his probation.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order is affirmed.

## I.

## FACTS

On April 21, 2004, the appellant was indicted on two felony counts of failure to pay child support for his daughter in violation of W.Va. Code § 61–5–29(2).[2] Pursuant to a child support order entered on February 9, 1998, the appellant's monthly child support payment was $322.00. The appellant entered a guilty plea to one count of the lesser misdemeanor offense of failure to pay child support in violation of W.Va.Code § 61–5–29(1)[3] on August 13, 2004. As a result of his guilty plea, the appellant was sentenced to one year in the Eastern Regional Jail. However, his sentence was suspended, and he was placed on probation for five years. The terms of the probation required the appellant to, *inter alia,* pay restitution to his child's mother in the amount of $13,282.14.

On May 16, 2005, the appellant's probation officer, Kimberly Rowland, filed a Motion for Revocation of Probation. Ms. Rowland alleged that the appellant had violated the terms of his probation by: (1) failing to report to her in January 2005, March 2005, April 2005, and May 2005; (2) failing to make regular child support payments; (3) failing to inform her of his employment status including any change of employment; and (4) fail-

ing to make regular restitution payments. A probation revocation hearing was held on June 24, 2005.

During the probation revocation hearing, the appellant admitted that he had failed to report to his probation officer; failed to make regular child support payments; failed to report his employment status to his probation officer; and failed to make regular restitution payments. With regard to his failure to report to his probation officer in January 2005, the appellant testified that he had been traveling back and forth from Jefferson County, West Virginia, to Winchester, Virginia, to care for his mother who was in the hospital. He said that he advised his probation officer of his mother's illness during his February 2005 meeting. The appellant further testified that his mother was subsequently transferred to a hospital in Washington, D.C., and that he missed his March and April 2005 meetings with his probation officer because he was "traveling back and forth and getting everything situated." The appellant stated that he missed the May 2005 meeting with his probation officer because he had been "kicked by a horse."

The appellant made a child support payment the day before his probation revocation hearing, and so, at the time he appeared in court, he was just a few hundred dollars short of being current on the payments that had been due since his conviction. However, he had failed to make any substantial reduction in the arrearage.[4] The appellant indicated that he was currently employed by an office supply store and was making approxi-

---

lars nor more than one thousand dollars, or confined in the county or regional jail for not more than one year, or both fined and confined.

**2.** W.Va.Code § 61–5–29(2) provides:

A person who persistently fails to provide support which he or she can reasonably provide and which he or she knows he or she has a duty to provide to a minor by virtue of a court or administrative order and the failure results in: (a) An arrearage of not less than eight thousand dollars; or (b) twelve consecutive months without payment of support, is guilty of a felony and, upon conviction thereof, shall be fined not less than one hundred dollars nor more than one thousand dollars, or

imprisoned for not less than one year nor more than three years, or both fined and imprisoned. Count 1 of the indictment charged the appellant with not paying child support for twelve consecutive months—from July 1, 2002, through September 1, 2003. Count 2 charged the appellant with not paying child support from February 9, 1998, to March 31, 2004, resulting in an arrearage of $11,067.92.

**3.** *See* note 1, *supra.*

**4.** The record indicates that the appellant had included $80.00 extra in some of his child support payments to reduce the arrearage. However, because of interest, the amount of arrearage had not been reduced.

mately $11.80 per hour. The appellant's mother also testified on his behalf. She said that her son had cared for her while she was ill and in the hospital.

After hearing all the testimony, the court entered an order on October 24, 2005, revoking the appellant's probation and ordering him to serve the remainder of his sentence in the Eastern Regional Jail. The order was stayed pending the outcome of this appeal.

## II.

### STANDARD OF REVIEW

■ In Syllabus Point 1 of *State v. Duke,* 200 W.Va. 356, 489 S.E.2d 738 (1997), this Court explained that,

When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Accordingly, with these standards in mind, we will determine whether the circuit court erred by revoking the appellant's probation.

## III.

### DISCUSSION

The appellant contends that his failure to report to his probation officer and to make his child support payments was the result of factors outside of his control and was not contumacious. Therefore, he concludes that the circuit court erred by revoking his probation. In support of his argument, the appellant relies upon this Court's holding in Syllabus Point 1 of *State v. Minor,* 176 W.Va. 92, 341 S.E.2d 838 (1986), which states that, " 'Probation may not be revoked for failure to pay restitution, costs and attorneys fees unless the probationer's failure is contumacious.' Syllabus Point 2, *Armstead v. Dale* [170] W.Va. [319], 294 S.E.2d 122 (1982)." The appellant says that as a result of his mother's illness and hospitalization, he was

not able to work and pay restitution as he should. For the same reason, he was unable to report to his probation officer as required. He argues that the facts of his case do not support his incarceration. He points out that he made a child support payment before the hearing in an attempt to be current on the payments that had been due since his conviction. While he apparently miscalculated, he was only two payments behind at the time of the hearing. He claims that his attempt to cure his default shows that he was not contumacious. He merely exercised poor judgment in his choices.

The appellant further argues that the public's interest is not served by his incarceration. He says that if he is incarcerated, his arrearage will increase, his child will suffer, and the State will have to incur additional costs. The appellant contends that continued probation will allow him to reduce his arrearage, make current payments, and be a productive member of society.

In response, the State contends that the appellant's failure to comply with the probation agreement was, in fact, contumacious. The State concedes that the appellant was going through some difficult circumstances as a result of his mother's illness, but maintains that he could have at least called his probation officer and informed her of his situation. The appellant has admitted that he never attempted to call his probation officer. The State notes that while at the time of the hearing the appellant was almost current on his child support payments that were due since his conviction, he only made the payment the day before the hearing. Furthermore, the appellant failed to reduce the arrearage. Thus, the State reasons that the circuit court did not abuse its discretion by revoking the appellant's probation.

■ It is well established that "[p]robation is a matter of grace and not a matter of right." Syllabus Point 1, *State v. Rose,* 156 W.Va. 342, 192 S.E.2d 884 (1972). Thus, pursuant to W.Va.Code § 62–12–10 (1955),

If at any time during the period of probation there shall be reasonable cause to believe that the probationer has violated any of the conditions of his probation, the probation officer may arrest him with or

without an order or warrant, or the court which placed him on probation, or the judge thereof in vacation, may issue an order for his arrest, whereupon he shall be brought before the court, or the judge thereof in vacation, for a prompt and summary hearing. If it shall then appear to the satisfaction of the court or judge that any condition of probation has been violated, the court or judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed, and order that sentence be executed. In computing the period for which the offender is to be imprisoned, the time between his release on probation and his arrest shall not be taken to be any part of the term of his sentence. If, despite a violation of the conditions of probation, the court or judge shall be of the opinion that the interests of justice do not require that the probationer serve his sentence, the court or judge may, except when the violation was the commission of a felony, again release him on probation.

 The record in this case clearly shows that the appellant violated the terms and conditions of his probation. As noted by the circuit court,

[The appellant] did not report as directed for January of 2005, March of 2005, April of 2005, May of 2005. He was not in contact with the probation office since February of 2005 up until the time this petition was filed.

His regular—his child support payments have not been made on a regular basis and there's a question as to whether they're current at this time. He has made a few payments against the rather substantial arrearage. It appears that they're irregular and probably have ended up with accruing interest. There is, clearly he has failed to keep the probation officer informed of his status.

Whether or not the appellant's failure to pay the child support arrearage was contumacious, the fact remains that he failed to report to his probation officer and comply with the other terms of his probation. As the circuit court explained,

Whatever excuse the Court might try to make for him in terms of not keeping the child support payments up, there is no rational way the Court can excuse his failure to make a phone call to the probation office—officer and keep her notified as to what was going on.

W.Va.Code § 62–12–10 clearly authorizes revocation of probation under these circumstances.[5] Thus, we find that the circuit court did not abuse its discretion in revoking the appellant's probation.

 We further find that the circuit court did not abuse its discretion by ordering the appellant to serve the remainder of his one year sentence in the Eastern Regional Jail. We have explained that " '[u]nder the abuse of discretion standard, we will not disturb a circuit court's decision unless the circuit court makes a clear error of judgment or exceeds the bounds of permissible choices in the circumstances.' " *Hensley v. West Virginia Dep't of Health and Human Res.,* 203 W.Va. 456, 461, 508 S.E.2d 616, 621 (1998) (*quoting Gribben v. Kirk,* 195 W.Va. 488, 500, 466 S.E.2d 147, 159 (1995)). In other words, "Where the law commits a determination to a trial judge and his discretion is exercised with judicial balance, the decision should not be overruled unless the reviewing court is actuated, not by a desire to reach a different result, but by a firm conviction that an abuse of discretion has been committed." *Intercity Realty Co. v. Gibson,* 154 W.Va. 369, 377, 175 S.E.2d 452, 457 (1970), *overruled on other grounds by Cales v. Wills,* 212 W.Va. 232, 569 S.E.2d 479 (2002) (citation omitted).

Given the facts of this case, this Court would have strongly considered placing the appellant on home confinement or ordering him to serve weekends in jail so that he could continue to work and make his child support payments. Be that as it may, the decision of the circuit court to order the appellant to serve the remainder of his sentence was not a clear error of judgment and was certainly within the bounds of permissible choices in the circumstances. Consequently, we must

**5.** "Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syllabus Point 2, *State v. Elder,* 152 W.Va. 571, 165 S.E.2d 108 (1968).

affirm the final order. We note, however, that the appellant may seek a reduction of his sentence. Pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure, the appellant may file a motion for a reduction of his sentence with the circuit court within 120 days after the entry of the mandate in this case.[6] In order for the appellant to immediately file such a motion, the mandate in this case will be issued forthwith.

## IV.

### CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Jefferson County entered on October 24, 2005, is affirmed.

The Clerk of this Court is hereby directed to issue the mandate in this case forthwith.

Affirmed.

6. Rule 35(b) of the West Virginia Rules of Criminal Procedure states:

*Reduction of sentence.*—A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.