## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0953** (Berkeley County 09-F-117)

**Andrew C. Smith,**
**Defendant Below, Petitioner**

### MEMORANDUM DECISION

Petitioner's appeal, by counsel Christopher J. Prezioso, arises from the Circuit Court of Berkeley County, wherein the circuit court revoked petitioner's probation and imposed its original sentence of a term of incarceration of five to twenty-five years for his conviction of one count of first degree sexual abuse by order entered July 5, 2012. The State, by counsel Christopher C. Quasebarth, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 1, 2010, petitioner pled guilty, pursuant to *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987), to one count of sexual abuse in the first degree. According to the state, this conviction stemmed from an incident in which petitioner, then twenty-seven years old, touched the genitals of an eight-year-old girl. Petitioner was originally sentenced to a period of incarceration of five to twenty-five years, followed by ten years of supervised release, but the circuit court suspended that sentence in lieu of five years of supervised probation. On March 22, 2012, the Berkeley County Probation Office filed a motion to revoke petitioner's probation, and the circuit court held a hearing on the motion in April of 2012. During the hearing, petitioner admitted to multiple probation violations, including several false omissions to his probation officer, and abuse of alcohol, marijuana, and prescription narcotics for which he did not have a valid prescription. During the hearing, petitioner requested that the circuit court allow him to serve a portion of his sentence and then be returned to probation, but the circuit court instead revoked petitioner's probation and imposed the full sentence of five to twenty-five years of incarceration.

On appeal, petitioner alleges that it was error for the circuit court to refuse his request and to impose the original sentence upon probation revocation. According to petitioner, to order him to serve the sentence imposed is simply unjust for the admitted probation violations. Further, he argues that the sentence imposed violates the Eighth Amendment to the United States

1

Constitution and Article III of the West Virginia Constitution. Petitioner argues that he has recognized his problems with alcoholism and seeks entry into a rehabilitation program in order to correct this problem. He further argues that the circuit court could impose the full sentence but allow him to serve the same on home confinement.

We have previously held that

"[w]hen reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Duke*, 200 W.Va. 356, 489 S.E.2d 738 (1997).

Syl. Pt. 1, *State v. Hosby*, 220 W.Va. 560, 648 S.E.2d 66 (2007). Upon our review, the Court finds no error in regard to petitioner's probation revocation and sentence. On appeal, petitioner has not challenged any of the circuit court's specific findings, but instead argues only that it was an abuse of discretion to revoke his probation and impose the original sentence. The Court, however, finds that the circuit court did not abuse its discretion in revoking petitioner's probation, given that he admitted to multiple serious probation violations, including abusing illegal drugs and alcohol. This is especially true in light of the circuit court's findings that petitioner claimed the underlying sexual abuse was related to his consumption of alcohol, and its fear that petitioner could re-offend because of continued abuse of drugs and alcohol. For these reasons, the Court finds that it was not an abuse of discretion to revoke petitioner's probation

Further, the Court finds no merit in petitioner's allegation that his sentence is unconstitutional. "'Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Petitioner was convicted of sexual abuse in the first degree, his sentence was within the statutory limit imposed by West Virginia Code § 61-8B-7(c), and the sentence was not based on any impermissible factor.

For the foregoing reasons, the circuit court's order is hereby affirmed.

Affirmed.

**ISSUED**: May 24, 2013

**CONCURRED IN BY**:
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II