# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below, Respondent**

**vs) No. 14-0364** (Jefferson County 13-F-79)

**Travis L. Hudson, Defendant Below, Petitioner**

**FILED**

March 16, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Travis L. Hudson, by counsel Christopher J. Prezioso, appeals the Circuit Court of Jefferson County's March 14, 2014, order sentencing him to concurrent terms of incarceration of one to five years for his conviction of unlawful assault and one year for his conviction of fleeing in a vehicle. The State, by counsel Laura Young, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his request for alternative sentencing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

During the April of 2013 term of court, petitioner was indicted on one count of malicious assault, one count of domestic battery, one count of domestic assault, one count of fleeing from an officer, one count of driving on a revoked license, and one count of obstructing an officer. Thereafter, petitioner entered a guilty plea to one count of unlawful assault and one count of misdemeanor fleeing in a vehicle pursuant to a plea agreement with the State. The plea agreement was partially binding, in that the sentences for these crimes were to be served concurrently, but petitioner was free to argue for alternative sentencing. However, at the sentencing hearing in March of 2014, the circuit court denied this request and sentenced petitioner to a term of incarceration of one to five years for his conviction of unlawful assault and one year for fleeing in a vehicle, said sentences to run concurrently. It is from this order that petitioner appeals.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). On appeal, petitioner concedes that his

1

sentences do not exceed the applicable statutory limits and that they were not based on any impermissible factor. *See* W.Va. Code §§ 61-2-9(a) and 61-5-17(e). However, petitioner urges the Court to re-examine its prior holdings that such sentences are not subject to appellate review. The Court declines to do so in the instant matter.

Additionally, the Court finds no error in the circuit court's denial of petitioner's request for alternative sentencing. As we have previously noted, "'[p]robation is a matter of grace and not a matter of right.' Syllabus Point 1, *State v. Rose*, 156 W.Va. 342, 192 S.E.2d 884 (1972)." Syl. Pt. 2, *State v. Hosby*, 220 W.Va. 560, 648 S.E.2d 66 (2007). In the instant matter, it is clear that petitioner was not entitled to alternative sentencing as evidenced by his actions while awaiting trial. Testimony below established that in spite of an order directing that petitioner have no contact with the victim while on pre-trial bond, petitioner visited the victim's home. When his bond was revoked for this violation, petitioner continued to contact the victim by telephone from jail more than twenty-five times. As such, the Court finds no error in the circuit court's denial of petitioner's request for alternative sentencing or in the sentence imposed.

For the foregoing reasons, the circuit court's March 14, 2014, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: March 16, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2