# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 13-1248** (Marshall County 09-F-09)

**Mark Anthony Henry,**
**Defendant Below, Petitioner**

**FILED**

May 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mark Anthony Henry, by counsel John R. Anderson, appeals the October 22, 2013, order of the Circuit Court of Marshall County that revoked his probation and sentenced him to his entire underlying term of four to thirty years of incarceration. The State, by counsel Derek A. Knopp, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred (1) in failing to apply the 120-day limitation on incarceration under West Virginia Code § 62-12-10(a)(2) (2013), and (2) in finding that he violated his probation by committing the crime of obstructing a police officer.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2009, petitioner pled guilty to four counts of delivery of a controlled substance. The circuit court sentenced him to a cumulative term of four to thirty years of incarceration, but it suspended that sentence and imposed a five-year probationary period. The terms and conditions of petitioner's probation required him not to violate any criminal law of this State; to refrain from associating with persons in the possession of a controlled substance; and to abstain from the use or possession of certain controlled substances.

Between 2010 and 2013, petitioner's probation officer filed three petitions to revoke his probation. In February of 2010, his probation officer filed the first such petition to revoke his probation alleging that he failed a drug screen for marijuana in November of 2009; was arrested for domestic battery in early February of 2010; and was arrested for possession of a controlled substance in mid-February of 2010.[1] In August of 2012, petitioner's probation officer filed a second petition to revoke his probation alleging that he was arrested for battery in February of

---

[1]Although unclear from the record on appeal, the parties agree in their briefing to this Court that there was no disposition of the 2010 revocation petition.

2012; was arrested in August of 2012 for three offenses, including possession of a controlled substance, driving while license suspended or revoked, and no proof of security liability insurance; and failure to report these arrests to his probation officer. The circuit court found that petitioner violated the terms and conditions of his probation for driving while his license was suspended or revoked, failing to report the arrest to his probation officer, and lying under oath. Initially, the circuit court revoked petitioner's probation and sentenced him to the full underlying prison term. However, it reconsidered that ruling after sixty days of incarceration and imposed an alternative sentence of home confinement with continued probation thereafter.

In March of 2013, petitioner's probation officer filed a third petition to revoke his probation alleging that he was again arrested on March 18, 2013, for possession of a controlled substance and obstructing a police officer. At the final revocation hearing in May of 2013, the circuit court heard testimony that petitioner was arrested for possession of Oxycodone, a Schedule II controlled substance, which is a narcotic, and obstructing a police officer. The circuit court also heard the testimony of petitioner and his witness, Wanda Rose, that Ms. Rose had possession of the Oxycodone at issue without a valid prescription and accidentally or mistakenly gave it to petitioner. The circuit court found that petitioner violated the terms and conditions of his probation as follows: by committing the crimes of possession of a controlled substance and obstructing an officer; by failing to comply with the rules and regulations for his supervised probation; by associating with any person who manufactures, delivers, possesses, or uses controlled substances; and by possessing narcotic drugs. Between the hearing in May of 2013 and entry of the circuit court's final order, petitioner moved for his sentence to be limited to 120 days of incarceration as a second-time probation violator, pursuant to West Virginia Code § 62-12-10(a)(2) (2013), because the only charged violation supported by evidence was simple possession. In October of 2013, the circuit court entered its final order revoking petitioner's probation and sentencing him to the entire underlying prison term of four to thirty years. In doing so, it explained that petitioner exceeded three violations of his probation, and, therefore, the 120-day limitation for a second probation violation located in West Virginia Code § 62-12-10(a)(2) (2013) did not apply. This appeal followed.

We have previously held that

"[w]hen reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Duke*, 200 W.Va. 356, 489 S.E.2d 738 (1997).

Syl. Pt. 1, *State v. Hosby*, 220 W.Va. 560, 648 S.E.2d 66 (2007).

On appeal, petitioner contends that the circuit court erred by failing to apply the 120-day limitation for a second probation violation located in West Virginia Code § 62-12-10(a)(2) (2013). However, following a thorough review of the record in this matter, it is clear that the

2013 version of the statute took effect after petitioner's probation violations, and that statute does not apply retroactively. We have held that

> "'[t]he presumption is that a statute is intended to operate prospectively, and not retrospectively, unless it appears, by clear, strong and imperative words or by necessary implication, that the Legislature intended to give the statute retroactive force and effect.' Pt. 4, syllabus, *Taylor v. State Compensation Com'r*, 140 W.Va. 572, [86 S.E.2d 114 (1955) ]."

Syl. Pt. 6, *Miller v. Smith*, 229 W.Va. 478, 729 S.E.2d 800 (2012) (applying a prior statute that was in effect at the time of the incident). A plain reading of this statute clearly shows that the Legislature did not include the necessary language for the 2013 amendments to apply retroactively. As such, West Virginia Code § 62-12-10 (2013) was intended to operate prospectively. Here, it is undisputed that the acts in question, and petitioner's arrest therefor, occurred in March of 2013. The probation officer filed the revocation petition in March of 2013, and the revocation hearing occurred in May of 2013. West Virginia Code § 62-12-10 (2013) did not become effective until July 12, 2013. As such, these violations clearly occurred while West Virginia Code § 62-12-10 (1955) was still in effect. Therefore, we conclude that the previous version of the statute is applicable in this case.

West Virginia Code § 62-12-10 (1955) provides, in part, that "[i]f it shall then appear to the satisfaction of the court or judge that any condition of probation has been violated, the court or judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed, and order that sentence be executed." The terms and conditions of petitioner's probation clearly required him not to violate any criminal law of this State; to refrain from associating with persons in the possession of a controlled substance; and to abstain from the use or possession of narcotic drugs. The circuit court heard sufficient evidence to find, by a preponderance of the evidence, that petitioner violated these terms and conditions by violating the criminal laws of this state by possessing a controlled substance; associating with Ms. Rose, a person who possessed a controlled substance; and possessing Oxycodone, a narcotic drug. *See* Syl. Pt. 4, *Sigman v. Whyte*, 165 W.Va. 356, 268 S.E.2d 603 (1980) (stating that "[w]here a probation violation is contested, the State must establish the violation by a clear preponderance of the evidence."). These violations occurred while West Virginia Code § 62-12-10 (1955) was still in effect, and the Legislature did not include the necessary language for the 2013 statute to apply retroactively. Therefore, the circuit court did not abuse its discretion in revoking petitioner's probation and revoking the suspension of the original sentence of four to thirty years of incarceration.

As noted above, the circuit court resentenced petitioner to a term of incarceration of four to thirty years on his 2009 convictions. In doing so, the circuit court applied the 2013 version of West Virginia Code § 62-12-10, and held that petitioner's violations exceeded the third violation necessary to trigger the imposition of the original sentence. To the extent that the circuit court erroneously relied on the provisions of West Virginia Code § 62-12-10 (2013), we find that it was harmless error because the sentence imposed was proper under the applicable version of the statute.

Petitioner's second and final assignment of error is that the circuit court erred in revoking his probation based on the finding that he committed new criminal conduct by obstructing a police officer. In support of his contention, petitioner again cites West Virginia Code § 62-12-10 (2013) as it relates to "new criminal conduct."[2] However, because West Virginia Code § 62-12-10 (2013) does not apply to petitioner's proceeding, even assuming petitioner is correct that the circuit court erred in finding that he obstructed a police officer, sufficient evidence remains to support petitioner's revocation, as explained above, under West Virginia Code § 62-12-10 (1955). The 1955 version of West Virginia Code § 62-12-10 does not contain the provisions of the 2013 amendments related to "new criminal conduct" or limitations on incarceration for certain first and second violations. To the extent the circuit court committed any error in this regard, such error is harmless.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 18, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2]*See* West Virginia Code §§ 62-12-10(a)(1)-(2) (2013) (stating that "[i]f the court ... finds reasonable cause exists to believe that the probationer . . . [e]ngaged in new criminal conduct other than other than a minor traffic violation or simple possession of a controlled substance . . . the court . . . may revoke the suspension of imposition or execution of sentence . . . . [or] [f]or the third violation, the judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed and order that sentence be executed[.]").