# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Petitioner Below, Respondent**

**vs)  No. 14-0221** (Morgan County 13-M-AP-04)

**Lewis J. Hendershot Jr.,**
**Defendant Below, Petitioner**

**FILED**

May 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Lewis J. Hendershot, by counsel William B. Carey, appeals the Circuit Court of Morgan County's January 06, 2014, order, denying his appeal from a probation revocation. The State, by counsel Laura J. Young, filed a response. On appeal, petitioner alleges that the circuit court erred in revoking his probation due to his physical limitations, in admitting certain evidence, and making findings regarding his physical abilities.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2012, petitioner was charged with domestic battery in the Magistrate Court of Morgan County. In September of 2012, petitioner, pursuant to a plea agreement, pled guilty to violating an emergency protective order and destruction of property. Petitioner was sentenced to twenty-four hours in the Eastern Regional Jail for the offense of violating the protective order and to a six month sentence for the offense of destruction of property. The sentences were suspended in favor of one year unsupervised probation, with a term and condition of probation that petitioner complete the batterer's intervention program and have no further violations of the law for one year.

In May of 2013, petitioner failed to complete the batterer's intervention program and was ordered to serve community service.[1] The community service was to be completed by August 24, 2013. However, according to an incident report dated May 19, 2013, petitioner was sent home from community service because of his failure to cooperate and did not return until August 31,

---

[1]According to the record, petitioner was asked to leave the batterers intervention program because he refused to acknowledge that he perpetrated any domestic violence and refused to cooperate fully in the program.

1

2013. Petitioner did not communicate with the community service supervisor between May and August. Additionally, petitioner did not report back for community service until after the completion deadline passed.

In September of 2013, the State filed a motion to revoke petitioner's probation because he failed to complete community service. On September 27, 2013, the magistrate court held a hearing on that motion and after hearing testimony, reimposed the original sentence. In October of 2013, petitioner began his incarceration at the Eastern Regional Jail.

That same month, petitioner filed an appeal in the Circuit Court of Morgan County. In December of 2013, the circuit court held a hearing on the appeal. Thereafter, the circuit court denied petitioner's appeal and upheld his sentence. Petitioner appeals from the order denying his appeal below.

We have previously established the following standard of review:

> When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Hosby*, 220 W.Va. 560, 648S.E.2d. 66 (2007), quoting Syl. Pt. 1, *State v. Duke*, 200 W.Va. 356, 489 S.E2d. 738 (1997).

On appeal, petitioner argues that the circuit court abused its discretion when it ordered that he be incarcerated for not completing community service despite his alleged physical inability to do so. According to petitioner, his physical handicaps, including a slipped or bulging disc in his back[2], prevented him from performing the required duties of community service.[3] West Virginia Code § 62-11A-1a(f) provides that no alternative sentence may require the person to perform duties which would be detrimental to the convicted person's health as attested by a physician. However, the circuit court determined that there was no clear evidence on the record that petitioner's medical problems prevented him from performing the duties of community

---

[2]Petitioner's exhibits at the circuit court hearing below consisted of several hundred pages of undifferentiated progress emails, radiology reports, consultation requests, and a letter dated September 26, 2013, which states that petitioner had "medical issues diagnosed" and that he should refrain from frequent bending, lifting, and twisting.

[3]On appeal, petitioner also argues that the Americans With Disabilities Act, 42 U.S.C. § 12181 et seq., ("the Act") requires both public and private institutions to make such reasonable accommodations in their activities as will enable a handicapped person to participate in what they provide to the same extent as a non-handicapped person. However, petitioner concedes that this appeal is not an action under the Act. As such, we will not address this assignment herein.

service or that the duties required during community service.[4] We agree.

The record shows that petitioner did not address any physical limitations with the sentencing court. Further, petitioner did not seek an accommodation with the sentencing court, and did not seek leave of any court before he unilaterally terminated his community service. Further, petitioner did not fail in his attempt to complete the community service, but instead he refused to perform the services as directed, left the program, and did not return for three and a half months. As such, we find no error in the circuit court revoking petitioner's probation as the record is devoid of any evidence supporting his claim that he was physically unable to complete community service.

Further, petitioner argues that the Morgan County community service program was operated solely at the discretion of its untrained director, with no guidelines or standards, thus depriving petitioner of his constitutional right to due process. However, petitioner offers no proof that the community services director acted arbitrarily and capriciously and concedes that he did not adequately brief the matter here. As such, we will not further address this assignment herein.

Finally, petitioner argues that the circuit court wrongly relied on a written email from the director of inmate services of the Eastern Regional Jail regarding petitioner's physical abilities and that the circuit court reached its own conclusion as to petitioner's physcial ability to perform community service, contrary to the evidence and facts. We find no merit in petitioner's argument that the circuit court abused its discretion in relying on the written email or in its conclusions based on the facts and evidence. The circuit court considered the written statement only to the extent that petitioner confirmed its content.[5] The circuit court found that the principal evidence against petitioner was presented through the transcript and was subject to cross-examination by petitioner at the hearing conducted by the magistrate court on September 27, 2013. Petitioner offered two transcripts from the proceedings before the magistrate court as evidence before the circuit court. The circuit court correctly considered prior recorded testimony where it was subject to cross examination. *See* Rule 804(b)(1), West Virginia Rules of Evidence. The State offered before the circuit court the written email from the director of inmate services to show that petitioner was medically cleared by the Eastern Regional Jail medical staff and given a complete

---

[4]It is not clear on the record what physical activities petitioner would have been asked to perform to complete his court ordered community service. The community service director testified that activities might include, but were not limited to, janitorial services and some manual labor. What is clear from the record is that petitioner participated in one day of community service and performed various manual labor duties while seated. When petitioner was told that this kind of work was not guaranteed, he left the community service program, did not communicate with the community services director, and did not return to the program until after the completion date lapsed.

[5]Petitioner acknowledged on the record that he did undergo a complete physcial in order to be eligible for work as a trustee in the jail, that he was asked about any physical limitations or disabilities that would prevent him from working, and, finally, petitioner stated that he was in good health and had no physical limitations that would prevent him from working as a trustee. While admission of the email statement by the circuit may have been harmless error, petitioner confirmed the contents of the email during his own testimony before the circuit court.

physical in order to be eligible for work as a trustee in the jail. The email stated that the director interviewed petitioner himself and asked petitioner about any physical limitations or disabilities that prevented him from working and petitioner stated that he was in good health and had no physical limitations that would prevent him from working as a trustee. Further, petitioner acknowledged that he worked as a trustee at the jail without incident. Given petitioner's admissions regarding the accuracy of it's contents, the circuit court did not err in admitting the document in question.

Petitioner was twice given the opportunity to avoid incarceration by participation in an education program or community service. However, he refused both opportunities. The record is clear that petitioner was dismissed from the batterer's intervention program and from the community service program because of his refusal to cooperate, not because of his alleged physical limitations. For these reasons, we find that the circuit court did not abuse its discretion when it ordered that petitioner serve his original sentence of incarceration.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: May 18, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4