# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 15-0403** (Randolph County 04-F-42)

**Patrick D., Defendant Below,
Petitioner**

**FILED**

January 11, 2016
**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Patrick D., by counsel Jeremy B. Cooper, appeals the Circuit Court of Randolph County's April 6, 2015, order denying his motion for reduction of sentence.[1] The State, by counsel Laura Young, filed a response supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying his motion for reduction of sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2004, a Randolph County grand jury indicted petitioner on three counts of second-degree sexual assault; four counts of sexual abuse by a parent, guardian or custodian; three counts of incest; and four counts of third-degree sexual assault. Thereafter, petitioner entered a guilty plea to two counts of incest. As part of the plea agreement, the State agreed to dismiss the remaining charges.

In June of 2005, the circuit court sentenced petitioner to consecutive terms of incarceration of five to fifteen years for each count of incest, in violation of West Virginia Code § 61-8-12. The circuit court suspended the imposition of the second sentence and placed petitioner on five years of probation upon discharge of his first sentence. In June of 2012, petitioner fully discharged his first sentence and was placed on probation for five years.

In May of 2013, petitioner's probation officer filed a notice of probation violation alleging that petitioner had contact with a minor child on multiple occasions and failed to report

---

[1]Consistent with our practice in cases involving sensitive matters, we use initials to protect the identity of the child victims in this case. *See* W.Va. R.A.P. 40(e)(1); *State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

1

such contact in violation of the terms of his probation. Thereafter, the circuit court held a hearing during which petitioner admitted to the violations set forth in the probation violation report. By order entered August 12, 2013, the circuit court found, by clear and convincing evidence, that petitioner violated the terms of his probation by having contact with a minor child on four separate occasions and failing to advise his probation officer of the contact. As such, the circuit court reimposed petitioner's original sentence which was initially suspended.

Several months later, petitioner filed a motion for reconsideration of his sentence arguing that he should receive an alternative sentence. By order entered October 22, 2013, the circuit court denied petitioner's motion. However, the circuit court granted petitioner leave to "file a motion to address any issues regarding the terms of his probation and findings in the probation violation order." On October 25, 2013, petitioner filed a motion to modify the circuit court's August 12, 2013, order arguing that "incidental" contact with a minor child was not a violation of his probation. Following a hearing on petitioner's motion, the circuit court denied petitioner relief by order entered on April 10, 2014. While the circuit court ruled that petitioner failed to report the contact, the circuit court found that there was no indication that petitioner's contact with the minor child was deliberate, unsupervised, or placed the child in danger. Further, the circuit court directed petitioner to file any petition for appeal and to file a motion for reconsideration pursuant to Rule 35(b)[2] of the West Virginia Rules of Criminal Procedure in May of 2014.[3]

Petitioner filed a Rule 35(b) motion in December of 2014, arguing that "it was most likely the intention of the [circuit] court to grant relief to [petitioner] several months ago, due to mitigating factors that were present alongside the facts that were the basis for the revocation." In February of 2015, the circuit court took petitioner's motion under advisement and directed the Randolph County Probation Office to conduct an investigation of the procedural history and make a recommendation. After conducting another hearing, the circuit court, by order entered on April 5, 2015, denied petitioner's motion finding that "repeated violations" occurred. It is from this order that petitioner appeals.

---

[2]Rule 35(b) of the West Virginia Rules of Criminal Procedure provides that:

> A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

[3]This Court granted petitioner's motion to withdrawal his appeal.

On appeal, petitioner argues that the circuit court abused its discretion in denying his Rule 35(b) motion. In regard to motions made pursuant to Rule 35(b), we have previously held that

> "[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Petitioner asserts that the circuit court's April 5, 2015, order overruled its findings in the April 10, 2014, order. However, we find no merit in this argument. Here, we find no indication that the circuit court's April 10, 2014, and April 5, 2015, orders were inconsistent. Both denied petitioner relief based upon repeated violations of the terms of his probation for failing to contact his probation officer regarding contact with a minor child. Further, "[p]robation is a matter of grace and not a matter of right." Syllabus Point 1, *State v. Rose*, 156 W.Va. 342, 192 S.E.2d 884 (1972)." Syl. Pt. 2, *State v. Hosby*, 220 W.Va. 560, 648 S.E.2d 66 (2007). As such, we find no abuse of discretion.

For the foregoing reasons, the circuit court's April 5, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: January 11, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II