# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) No. 15-0772 (Braxton County 14-F-56)

**Julius L.,**
**Defendant Below, Petitioner**

**FILED**

**April 12, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Julius L., by counsel Daniel K. Armstrong, appeals the Circuit Court of Braxton County's July 14, 2015, order sentencing him to two concurrent terms of incarceration of five to twenty-five years for two counts of first-degree sexual abuse.[1] The State of West Virginia, by counsel Jonathan E. Porter, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his request for alternative sentencing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2104, a Braxton County grand jury indicted petitioner on seven counts of first-degree sexual assault of a six-year-old girl. Thereafter, on December 12, 2014, petitioner entered into a plea agreement with the State, whereby he agreed to waive indictment and be charged by information with two counts of first-degree sexual abuse. As part of the agreement, the State dismissed the prior indictment. The circuit court ordered a presentence investigation report. As part of the preparation of that report, petitioner completed a Level of Service/Case Management Inventory ("LS/CMI") evaluation. At the sentencing hearing in June of 2015, petitioner moved for home incarceration or alternative sentencing. After considering petitioner's argument and the presentence investigation report, the circuit court denied petitioner's motion. By order entered July 14, 2015, the circuit court sentenced petitioner to two concurrent terms of

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.,* 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B*., 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.,* 183 W.Va. 641, 398 S.E.2d 123 (1990).

incarceration of five to twenty-five years in accordance with West Virginia Code § 61-8B-7. It is from this order that petitioner appeals.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). On appeal, petitioner does not argue that his sentences exceed the applicable statutory limits or that they were based on any impermissible factor. Pursuant to West Virginia Code § 61-8B-7, a person guilty of first-degree sexual abuse shall be imprisoned for "not less than five nor more than twenty-five years[.]" Petitioner was sentenced within the statutory limits. Accordingly, petitioner's sentence is not subject to appellate review.

Further, while petitioner asserts that the circuit court failed to consider his low risk assessment in the LS/CMI to impose prison terms, as opposed to alternative sentencing, we disagree. Petitioner cites to no authority that a circuit court is bound by the findings in the LS/CMI. This Court recently explained that "circuit judges do not have to use the results of the LS/CMI in their sentencing decisions, emphasizing that the use of the information in an LS/CMI assessment is 'entirely left to [the circuit judges'] discretion.'" (brackets in original.) *State v. Rogers*, No. 14-0373, 2015 WL 869323, at *4 (W.Va. Jan. 9, 2015)(memorandum decision). A review of the appendix record reveals that the circuit court appropriately considered the LS/CMI report, reviewed petitioner's psychological evaluations, and discussed the issue with probation officers prior to sentencing petitioner within the statutory guidelines for first-degree sexual abuse. Moreover, "[p]robation is a matter of grace and not a matter of right." Syllabus Point 1, *State v. Rose*, 156 W.Va. 342, 192 S.E.2d 884 (1972)." Syl. Pt. 2, *State v. Hosby*, 220 W.Va. 560, 648 S.E.2d 66 (2007). Here, we find no indication that the circuit court abused its discretion in denying alternative sentencing for these crimes. Therefore, based on the circumstances presented in this case, we find no merit to petitioner's argument.

For the foregoing reasons, the circuit court's July 14, 2015, order, is hereby affirmed.

Affirmed.

**ISSUED:  April 12, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II