**FILED**
**May 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 20-0026** (Berkeley County CC-02-2019-F-23)

**Dorothy Carolyn Pike,**
**Defendant Below, Petitioner**

# MEMORANDUM DECISION

Petitioner Dorothy Caroline Pike, by counsel Andre M.C. Henderson, appeals the home incarceration revocation order of the Circuit Court of Berkeley County, entered on December 12, 2019. Respondent State of West Virginia appears by counsel Patrick Morrisey and Benjamin F. Yancey III.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Pike pled guilty by information to (1) third-offense driving on a license revoked for driving under the influence (W. Va. Code § 17B-4-3(b)) and (2) second-offense driving under the influence (W. Va. § 17C-5-2(1)) in March of 2019. In June of 2019, the circuit court imposed concurrent sentences of one to three years in the state penitentiary and six months in a regional jail, respectively, but permitted Ms. Pike to serve these terms confined to her home as permitted by West Virginia Code § 62-11B-4.

On November 12, 2019, the Berkeley County Prosecuting Attorney's Office gave notice of a hearing on a motion for the revocation of Ms. Pike's home incarceration status on the grounds that Ms. Pike: (1) failed to charge her monitoring device on two occasions, (2) drove an automobile while her license was revoked, (3) was arrested and charged with subsequent third-offense driving while her license was revoked (an incident separate from the aforementioned driving), and (4) failed to notify her supervising officer of her arrest, all in violation of her supervision agreement. The supervisor of Berkeley County Community Corrections set these facts forth in an affidavit. Ms. Pike admitted to the allegations in a hearing conducted by the circuit court in December of

1

2019, but she advised the court that she wished to explain her motivation for each violation. She explained that she unwittingly interfered with her monitoring device while trying to relieve discomfort, and that she drove her automobile once because she was "intent" on meeting an appointed drug-testing responsibility and once because she had no other means to go to her workplace.[1]

When the court asked Ms. Pike about her failure to charge her monitoring device on a second occasion, Ms. Pike denied the allegation, and the court suspended its colloquy to allow the State to present testimony from the supervisor of the Berkeley County Home Confinement Program. The supervisor testified that one of her subordinate home incarceration officers informed Ms. Pike of the responsibilities associated with home incarceration, and the supervisor had reviewed Ms. Pike's signature on the document confirming that Ms. Pike had been appropriately instructed. This document was not offered into evidence. The supervisor was not Ms. Pike's supervising officer, but she testified that she was familiar with the circumstances of Ms. Pike's home incarceration. The State offered testimony from a police officer detailing Ms. Pike's most recent arrest—the driving under the influence charge—that occurred in Jefferson County. Approximately one month after the hearing, the circuit court entered the aforementioned revocation order and reinstated Ms. Pike's penitentiary and jail sentences.

On appeal Ms. Pike asserts two assignments of error. She argues, first, that the circuit court erred in finding that she was informed of the terms and conditions of her home incarceration and, second, that the circuit court lacked sufficient evidence to find that she violated those terms. Our home incarceration statute provides:

> If, at any time during the period of home incarceration, there is reasonable cause to believe that a participant sentenced to home incarceration by the circuit court has violated the terms and conditions of the circuit court's order of home incarceration and the participant's participation was imposed as an alternative sentence to another form of incarceration, the participant is subject to the same procedures involving confinement and revocation as would a probationer charged with a violation of the order of home incarceration.

W. Va. Code § 62-11B-9(b), in part. We, therefore, review the questions before us in the same manner we would review the revocation of probationary home incarceration.

> "When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Duke*, 200 W.Va. 356, 489 S.E.2d 738 (1997).

---

[1]According to Berkeley County Day Report records, Ms. Pike failed to report for one treatment and six drug screens between July and November of 2019. She was arrested for driving under the influence just three days after the last missed screen.

Syl. Pt. 1, *State v. Hosby*, 220 W. Va. 560, 648 S.E.2d 66 (2007). Both of Ms. Pike's assignments of error address the revocation itself, and not the imposition of the penitentiary and jail sentences. Our review, then, is encompassed in the first prong set forth above, and we consider whether the circuit court abused its discretion in revoking the privilege of home incarceration.

We find no abuse of discretion concerning either assignment of error. As explained above, there was no meaningful dispute that Ms. Pike committed the acts set forth in the State's motion for revocation. Instead, Ms. Pike relied on the defense that her actions were justified by necessity. The supervising home incarceration officer testified that Ms. Pike signed documentation acknowledging her understanding of the terms and conditions of her home incarceration, and this testimony was unrebutted and offered without objection. It is apparent that Ms. Pike was aware of her responsibilities in receiving the continued privilege of home incarceration, and that Ms. Pike failed to meet those responsibilities.

For the foregoing reasons, we affirm.

Affirmed.


**ISSUED:** May 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

3