**FILED**
**April 14, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0330** (Randolph County 16-F-104 and 16-F-125)

**Joseph William Howell Jr.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Joseph William Howell Jr., by counsel Phillip S. Isner and David C. Fuellhart, appeals the March 6, 2020, order of the Circuit Court of Randolph County imposing a one-to-five-year term of incarceration upon his violation of the terms of his probation. The State of West Virginia, by counsel Patrick Morrisey and William E. Longwell, filed a response in support of the circuit court's order. The West Virginia Division of Corrections and Rehabilitation ("DCR") intervened, by counsel Briana J. Marino, and also filed a brief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Many of the facts of the underlying proceedings were discussed in *State ex rel. Howell v. Wilmoth*, No. 19-0065, 2019 WL 5709879 (W. Va. Nov. 5, 2019) (memorandum decision) ("*Howell I*"). Relevant to the current appeal, petitioner was charged with and convicted of one count of delivery of a controlled substance[1] and one count of felony conspiracy.[2] *Id.* at *2. In March of 2017, the circuit court sentenced petitioner to two one-to-five-year terms of incarceration, which it ordered to run consecutively. The circuit court "further [ordered] that the

---

[1]*See* W. Va. Code § 60A-4-401(a)(ii).

[2]*See* W. Va. Code § 61-10-31.

execution of the second sentence shall be and is hereby suspended and the [petitioner] shall be placed on five (5) years of supervised probation with the Randolph County Probation Office upon release from the first sentence."

Petitioner was released from incarceration and placed on parole in March of 2018. Upon his release, petitioner reported to the Randolph County Probation Office and met with his probation officer. Petitioner was provided the written terms of his probation, which were set to expire in five years (April of 2023), and he signed those terms. Petitioner's counsel was also provided a copy of the terms of petitioner's probation. Petitioner's probation and parole was transferred to the State of Maryland at his request.

In June of 2018, petitioner's probation officer learned from an anonymous tip that petitioner was "actively harassing" the tipster, was "observed hanging out with known drug dealers," and was "not permitted in town." The probation officer learned from the State of Maryland that petitioner was granted permission to return to Randolph County to visit his grandmother, who was terminally ill, and had not returned to Maryland by the date he was expected. The probation officer then learned that petitioner "was involved in an incident . . . wherein . . . petitioner was at his father's home recklessly discharging a firearm." Petitioner fled when law enforcement arrived on the scene and was involved in a high-speed chase. He was finally apprehended in September of 2018 on charges of fleeing an officer with reckless indifference. Petitioner then admitted to the probation officer that he had been abusing methamphetamine and other drugs while avoiding probation supervision. The State filed a petition to revoke petitioner's probation based on the foregoing allegations.

The circuit court held a preliminary hearing on petitioner's probation violation in October of 2018. At this hearing, petitioner objected, for the first time, to the fact that he was on probation and moved to dismiss the motion to revoke his probation. Petitioner argued that he had not yet been "released" from his first sentence because he continued to serve parole for that sentence and, therefore, his sentence of probation for conspiracy had not yet started. Petitioner waived his preliminary hearing, and the circuit court granted him time to file a motion and brief his argument. Petitioner's later-filed motion to dismiss the probation violation contained no legal authority in support.

At the November 2018 adjudication hearing on the State's petition to revoke petitioner's probation, petitioner reiterated his argument that he could not have violated his probation because it could not have begun. Petitioner also moved to dismiss the petition, arguing that the circuit court was without jurisdiction to rule on the State's petition because he was not on probation. Ultimately, the circuit court denied petitioner's motion to dismiss, finding that "it was the Court's intention to place the [petitioner] on probation upon his release from incarceration[]" from his first sentence. The circuit court stayed the proceedings prior to the adjudication of the State's petition to revoke petitioner's probation in order to allow petitioner an opportunity to file a writ of prohibition with this Court. On November 5, 2019, this Court denied petitioner's petition for a writ of prohibition because petitioner failed to provide the Court with a legal basis to find that the circuit court erred and because he had other adequate means for relief. *Howell I*, at *6.

2

In January of 2020, the circuit court reconvened for an adjudication hearing of the State's petition to revoke petitioner's probation. Petitioner argued that this Court's denial of his writ of prohibition was not a ruling on the merits of his arguments and again argued that the circuit court did not have jurisdiction to revoke his probation. After lodging this objection, petitioner stated that he was willing to stipulate to criminal conduct that would have constituted a violation of the terms of his probation if he were lawfully subject to those terms. Ultimately, the circuit court found that petitioner had violated the terms and conditions of his probation. In February of 2020, the circuit court-imposed petitioner's underlying one-to-five-year term of incarceration for his conviction of felony conspiracy. Petitioner now appeals the circuit court's March 6, 2020, order memorializing that decision.

On appeal, petitioner argues that the circuit court erred in finding that he violated his probation and revoking the same because he was not on probation at the time of the alleged violations. He asserts that the circuit court's sentencing order provided that his probation would begin "upon release from the first sentence." Petitioner believes that in order to be released from his first sentence he would need to discharge that sentence through incarceration or completing his parole requirements but neither circumstance occurred. Further, petitioner argues that the circuit court's stated intention, that he would serve probation upon his release from incarceration, belies its order that his sentences be served consecutively. Petitioner asserts that this order requires that the first sentence be completed before the second can begin.

> "'When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.' Syllabus Point 1, *State v. Duke,* 200 W.Va. 356, 489 S.E.2d 738 (1997)."

Syl. Pt. 1, *State v. Hosby,* 220 W.Va. 560, 648 S.E.2d 66 (2007).

While petitioner asserts on appeal that this is an issue of first impression, this Court dealt with similar facts in *State v. Hamby*, No. 11-0942, 2012 WL 3079152 (W. Va. April 16, 2012) (memorandum decision), which the Court cited in its memorandum decision denying petitioner's petition for a writ of prohibition. *Howell I.*, at *5-6. In *Hamby*, a defendant was sentenced to an indeterminate term of one to ten years for a conviction of forgery and a determinate term of five years for her conviction of the crime of taking the identify of another person, with her sentences to run consecutively. *Hamby*, at *1. The circuit court ordered that Ms. Hamby's second sentence was suspended in lieu of three years of supervised probation. *Id*. Similar to this case, the defendant was released from incarceration, placed on parole, and agreed to the terms of probation following her release. *Id*. Following new criminal conduct, the State filed a petition to revoke Ms. Hamby's probation, and she argued that the circuit court did not have jurisdiction to revoke her probation because she was still serving parole with the sentences to run consecutively. *Id*. The circuit court in that case refused the defendant's motion to dismiss and revoked her probation. *Id*. Ms. Hamby raised the same argument on appeal, and this Court upheld the circuit court's decision, finding that

"nothing in the underlying sentencing order or our prior holdings requires that petitioner be fully discharged from the sentence in order to begin serving her probation." *Id*, at *2. We also considered in *Hamby* that the defendant met with her probation officer and agreed to the terms of her probation without issue. *Id*. Consequently, it was clear that the defendant believed that she was serving the term of supervised probation prior to the discharge of her first sentence, which was to her benefit. *Id.*

Here, the facts are nearly identical to *Hamby*. Upon his release from incarceration, petitioner met with his probation officer and agreed to the terms of probation. Petitioner's counsel received a copy of these terms, as well. So, like *Hamby*, it is clear that petitioner was aware he was subject to the terms of probation while he was on parole for his first sentence, and he did not object to this circumstance. Petitioner has identified no authority that requires he be fully discharged from his first sentence in order to begin serving probation on his second sentence. Therefore, we find the circuit court had jurisdiction to revoke petitioner's probation, and it did not err in doing so.

For the foregoing reasons, we find no error in the circuit court's March 6, 2020, order.

Affirmed.

**ISSUED**: April 14, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment