**Gary Powell BAILEY, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16901.**

Court of Criminal Appeals of Oklahoma.

March 8, 1972.

John T. Lawson, Todd and Lawson, Tahlequah, for plaintiff in error.

Larry Derryberry, Atty. Gen., Nathan Gigger, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Gary Powell Bailey, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Adair County, Oklahoma, to the offense of Burglary in the Second Degree, on April 23, 1970, and received a two-year suspended sentence. Said suspension was ordered revoked on July 16, 1971, and from said order of revocation, a timely appeal has been perfected to this Court.

At the revocation hearing, Lozier Brown testified that he was employed as an officer of the Department of Corrections and that the defendant was assigned to him on May 4, 1970. On May 7, 1970, the defendant appeared at Brown's office and they went over the rules and regulations of probation. On June 4, 1970, defendant made the May report; on July 14, he made the June report. Defendant failed to report in July, August, and September. On October 12, 1970, the defendant appeared at the probation office and filed reports for July, August, and September, and was reprimanded for late reports and advised not to be late any more.

On November 4, 1970, the defendant made the October report. On November 16, 1970, the parole officer's investigation revealed that the defendant had gone to California. Defendant failed to report in December, 1970, and January, 1971. On February 2, 1971, a Motion to Revoke Defendant's Suspended Sentence was filed. Defendant appeared in the probation office on February 12, 1971, and filed reports for December and January. Defendant failed to file additional reports as of the date of the revocation hearing on July 16, 1971.

Defendant's mother testified that the defendant had difficulty obtaining employ-

ment during this period of time and had hepatitis, being hospitalized on December 26, 1970, for a period of twelve (12) days.

We observe that two of the court-imposed conditions of the defendant's sentence were that he could not leave the State without written permission of the correction office, and that he report in writing to the Corrections Department as directed by them. The evidence is uncontradicted that the defendant failed to make timely reports to his probation officer. The defendant argues in his brief that the parole officer's testimony as to the defendant leaving the State was based on hearsay. We are of the opinion that the parole officer's conclusion that the defendant left the State, although based upon hearsay testimony is admissible in a revocation hearing. 24 C.J.S. Criminal Law § 1572(4) states: "Evidence which would be inadmissible in a criminal trial may be considered in revocation hearing." In United States v. Cates, 402 F.2d 473 (1968), the Fourth Circuit stated:

> "Cates puts forward a third argument, also frivolous. This is that the evidence against him at the revocation hearing was largely hearsay. Foreclosed now from making this contention because he did not object at the hearing, Cates also miscomprehends the nature of such a proceeding. A revocation hearing is an informal proceeding and rules of evidence need not be strictly observed."

See also United States v. Register, 360 F. 2d 689, cert. den., 385 U.S. 817, 87 S.Ct. 37, 17 L.Ed.2d 55.

The Order Revoking the Suspended Sentence is, accordingly, affirmed.

SIMMS, J., concurs.

BRETT, Judge (dissenting):

I must respectfully dissent. The majority opinion recites: "We are of the opinion that the parole officer's conclusion that the defendant left the State, although based upon hearsay testimony is admissible in a

revocation hearing." 22 O.S.Supp.1969, § 991b, provides in part:

> ". . . the suspended sentence of said person *may not* be revoked for any cause *unless competent evidence* justifying the revocation of said suspended sentence is presented." . (Emphasis added.)

It was my understanding that pure hearsay testimony is not "competent evidence." A reading of the record before this Court reveals that the court permitted hearsay testimony on behalf of the state, but refused to admit even a semblance of such testimony on behalf of the defendant. The record does not state how many sisters defendant has, so it must be presumed that he has only one sister. The parole officer testified that he went to the defendant's home; he was unable to find him [the defendant] there; and he said that the defendant's sister told him defendant had gone to California. On cross-examination Janice Lynn Bailey was asked by the prosecutor, "Janice, do you know whether or not your brother went to California?" She answered, "I don't know." (Tr. 77). This answer carried no significance to the Judge conducting the revocation hearing, notwithstanding the fact that the parole officer's statement was pure hearsay.

Gary Powell Bailey was a sixteen-year old boy with an eighth grade education, when he was placed on his suspended sentence on April 23, 1970. On February 2, 1971, the assistant district attorney for Adair County filed a Motion to Revoke Suspended Sentence on the following grounds:

> "That the defendant has failed to comply with the rules and regulations of the Department of Corrections in that he has failed to work; failed to make monthly reports; has removed himself from the State of Oklahoma without contacting his probation officer; that he has failed to make restitution in this matter and pay the costs."

Throughout this record it is obvious that the parole officer considered this young

man to have the mental capacity of an adult, which is erroneous to say the least. The parole officer could show little supervision of this defendant; and his testimony is not, as I view this record—sufficient to revoke the suspended sentence.

It may be that the young man's sentence should be revoked, but not in the manner reflected by the record before this Court. It was for the very reason reflected in this record that the Legislature provided legislation requiring "competent evidence" to be shown. This record falls far short of being competent. Therefore, I must dissent to this decision.