STATE OF WEST VIRGINIA

*v.*

SAMUEL BLAINE ROSE

(No. 12987)

Submitted September 20, 1972. Decided October 31, 1972.

Dissenting Opinion November 13, 1972.

Rehearing Denied December 18, 1972.

*Wilson, Frame & Rowe, Clark B. Frame,* for plaintiff in error.

*Chauncey H. Browning, Jr.,* Attorney General, *George E. Lantz,* Deputy Attorney General, *Willard A. Sullivan,* Assistant Attorney General, for defendant in error.

BERRY, JUDGE:

The appellant, Samuel Blaine Rose, appeals from a final order of the Circuit Court of Monongalia County entered on June 9, 1970 which revoked the appellant's probation and remanded him to the penitentiary to serve his previously imposed sentence of two to five years as a result of his conviction for possession of marihuana.

The appellant, while a freshman at West Virginia University, was arrested for speeding and reckless driving as he was driving from one campus to the other between classes and was taken by the state police officer to a justice of the peace who fined the appellant fifty dollars. However, appellant was unable to pay the fine and was taken to jail where he was searched by the jailer who found four or five grams of marihuana in appellant's possession. The appellant was subsequently indicted by the Grand Jury of Monongalia County in January, 1969 for possession of marihuana and he pleaded guilty on January 16, 1969. On February 13, 1969 appellant was

sentenced to two to five years in the West Virginia State Penitentiary. However, the sentence was suspended and appellant was placed on probation for three years.

One of the conditions of appellant's probation was that he could not leave the state without the Circuit Court's consent. Another condition was that he could not leave the county or the state without the written permission of his probation officer.

On January 12, 1970 the appellant was arrested in Oakland, Maryland, for conspiring to violate the Maryland narcotics laws. Although the charges against him were subsequently dropped, the appellant was returned to Monongalia County and a hearing was held on June 9, 1970 to determine whether appellant's probation should be revoked for his unauthorized departure from the State of West Virginia.

The appellant testified that shortly before noon on the day in question he decided to visit a close friend of his, David Boggess, who lived in Aurora, Preston County, West Virginia. Appellant stated that he attempted to telephone his probation officer but there was no answer. Appellant then decided that he could go to Preston County without contacting his probation officer because his probation officer had previously given him general permission to visit Coopers Rock, a rugged mountainous area which was partly in Preston County. Appellant stated that since there was snow on the ground, he decided not to take the most direct road on which he would have stayed in West Virginia the entire way, because that road crossed the mountains. Instead, he took a road which crossed into Maryland for seven or eight miles. The appellant testified that he picked up a hitchhiker, Kenneth Leopold, whom he had not previously known. Leopold stated to appellant that he was going to Oakland, Maryland. However, at Oakland, Leopold could not find the person whom he was supposed to meet so he continued on to Aurora with the appellant. The appellant testified that they spent about forty-five minutes in

Aurora visiting with his friend and then started back. Upon arriving in Oakland, the hitchhiker again wanted to search for his friend, and appellant, while waiting in the car for the hitchhiker to return, was arrested after the hitchhiker had apparently attempted to have a forged prescription filled in a drug store.

During the hearing to revoke appellant's probation, the appellant's maternal grandmother and a family friend testified on appellant's behalf that the appellant had never been in any trouble at school or with the police prior to his conviction for possession of marihuana and that he was an intelligent student and an asset to the community. The probation officer testified that he had carefully explained to the appellant each condition of his probation and that the appellant had asked and had received permission on one occasion to leave West Virginia temporarily on a motorcycle trip into western Virginia.

The trial court, at the conclusion of the hearing, revoked appellant's probation and remanded him to the penitentiary to serve his sentence.

The appellant contends the trial court abused its discretion in revoking his probation under the circumstances involved in this case and that it erred in not allowing counsel for appellant to examine the probation officer's written report to the court.

It is crystal clear from the testimony of the witnesses who testified at the hearing to revoke the appellant's probation that he violated the conditions of his probation. The appellant admits this fact in his own testimony. Two of the specific conditions upon which the appellant was granted probation provided that he could not leave Monongalia County without written consent of the county probation officer, and could not leave the state without the consent of the circuit court. Both of these conditions were violated. The appellant made no attempt whatsoever to obtain the consent of the court to leave the state, and left the county without obtaining either oral or written consent from the county probation officer. The appellant

stated that he called the probation officer shortly before noon but nobody answered the telephone so he left without obtaining permission. The appellant and his witnesses testified that the probation officer had allowed him to go to Coopers Rock which is located in both Monongalia and Preston Counties and indicated that he had continuing permission to do so, but this was denied by the probation officer. However, on the trip in question, he went to Aurora to see a friend and not to Coopers Rock. He drove to his friend's home in another county and picked up a hitchhiker on the way. The hitchhiker was arrested for attempting to obtain drugs with a forged prescription for which he was subsequently convicted. The charges against the appellant were dismissed after which he was returned to the custody of the officials in Monongalia County. The Monongalia County probation officer reported the violation of the probation conditions to the Circuit Court of Monongalia County, resulting in the hearing and revocation of the appellant's probation and the execution of the sentence of from two to five years previously imposed.

This Court has held on many occasions, as well as the courts of other states, that probation is a matter of grace and not a matter of right. *State v. Loy,* 146 W.Va. 308, 119 S.E.2d 826; *State ex rel. Render v. Wood,* 152 W.Va. 484, 165 S.E.2d 102; *State ex rel. Strickland v. Melton,* 152 W.Va. 500, 165 S.E.2d 90; *State ex rel. Riffle v. Thorn,* 153 W.Va. 76, 168 S.E.2d 810.

It has been held in other jurisdictions that where the probationer leaves the county, or the state, in violation of the conditions of his probation, such action constitutes grounds for the revocation of the probation. See *Hilts v. State,* (Texas), 476 S.W.2d 283 and *Bailey v. State,* (Okla.), 494 P.2d 1252.

The statute governing the revocation of probation, Code, 62-12-10, as amended, provides that if there is reason to believe that the probationer has violated any condition of his probation he may be arrested, with or without

an order or warrant, and brought before the court which placed him on probation for a prompt and summary hearing, and if at the hearing it shall appear to the satisfaction of the court that any condition of the probation has been violated the court may revoke the suspension of the execution of the sentence. It appears from the facts in the case at bar that there was a violation of the conditions of probation and consequently the trial judge did not abuse his discretion in revoking the probation of the appellant.

It is also the appellant's contention that the trial court erred in refusing to allow his counsel the opportunity to see the probation officer's report, and that such refusal was a denial of due process. This contention is not well taken.

It would appear that the refusal to allow a pre-sentence report to be furnished the defendant's counsel is not a violation of due process. See *Baker v. United States,* 388 F.2d 931; *Williams v. New York,* 337 U.S. 241, 93 L. Ed. 1337, 69 S. Ct. 1079, (Rehearing denied 337 U.S. 961, 93 L. Ed. 1760, 69 S. Ct. 1529). Although there appears to be a conflict of authority with regard to this matter, (see Anno., 40 A.L.R.3d 681 et seq.), there would be no error in any event in the instant case for the refusal of the trial court to allow the appellant's attorney an opportunity to see the probation officer's report, because this report was not a pre-sentence report. The sentence had already been imposed and could not be increased by anything contained in the report. Then, too, the only question involved in the hearing before the trial court was whether the appellant had violated the conditions of his probation, and the evidence was uncontradicted that he had violated certain conditions warranting the revocation of his probation. Consequently, it appears that under the law applicable at the time of the hearing held by the trial court the appellant's probation should have been revoked.

Counsel for the appellant further contends that appellant's sentence should at least be reduced under

the provisions of the Uniform Controlled Substances Act passed in 1971.

In 1969 the appellant was indicted and sentenced for his first offense of possession of less than 15 grams of marihuana which was a felony under the provisions of Code, 16-8A-23, as amended. It remained a felony in 1970 at the time his probation was revoked. In 1971 a first offense for the possession of less than 15 grams of marihuana was reduced to a misdemeanor, Code, 60A-4-401, 407, as amended, but the provisions pertaining to the penalty, Code, 60A-6-601, as amended, provides that Chapter 16-8A and 16-8B of the Code shall govern and control any offense committed prior to the effective date of Chapter 60A.

Although no reference was made to the reduction of the sentence in the briefs of either the state or the appellant, the attorney for the appellant suggested during oral argument that under the new statute the sentence could be reduced and the attorney for the state said during the argument that he had no objection to the reduction if it could be legally done. However, it appears from the statute and decided cases that it cannot be legally done. This case was completed upon the sentencing of the appellant in 1969 and was not appealed. It is not a pending proceeding and the new statute requires that the sentence provided for before it was enacted should apply. The authorities are to the same effect. *United States v. Robinson,* 336 F. Supp. 1386; *State v. Collins,* 6 Wash. App. 922, 496 P.2d 542. The *Collins* case is almost identical with the case at bar with regard to this matter. The defendant in that case was convicted in 1969 for possession of marihuana and sentenced at the time of his conviction, but the sentence was suspended and he was placed on probation. Three years later he was arrested on a drug charge, which was a violation of his probation, and the suspended sentence was executed. A motion was made to vacate the prior sentence under the provisions of the amended act which reduced the penalty and was applicable to all pending cases. It was held that the

sentence in 1969 was final, the appeal period had expired, and it was no longer a pending case as contemplated by the statute.

For the reasons stated herein, the judgment of the Circuit Court of Monongalia County is affirmed.

*Judgment affirmed.*

CAPLAN, JUDGE, dissenting:

Respectfully, I dissent from the decision of the majority in this case. I do not quarrel with the law as stated in the syllabus and in the body of the opinion but I do disagree with the manner in which it is applied. The entire basis of my dissent is that the court abused its discretion in revoking probation and sending the probationer to the penitentiary in the peculiar circumstances of this case.

Although, as stated in the majority opinion, probation is a matter of grace and not a matter of right, I believe that revocation of probation presents a different consideration of the probationer's rights. Under the provisions of Code, 1931, 62-12-10, as amended, relating to violation of probation, the court shall afford the probationer a prompt and summary hearing before probation can be revoked. It occurs to me that the legislature intended that such hearing be meaningful and serve a useful purpose. That body in its wisdom has said in effect that before a judge may revoke probation he must hold a hearing to consider and evaluate the grounds for revocation. It is implicit in that statute that if such grounds do not exist, or if extenuating circumstances appear to obviate the reasons for revocation, the judge in the proper exercise of his discretion may continue probation. Also, the statute has said in effect that a judge cannot summarily revoke probation without any cause or reason.

That the legislature relies on the discretion of the court as to whether probation may continue, even in the face of a violation thereof as the circumstances may

warrant, is demonstrated by the following language of the above cited statute: "If, despite a violation of the conditions of probation, the court or judge shall be of the opinion that the interests of justice do not require that the probationer serve his sentence, the court or judge may, except when the violation was the commission of a felony, again release him on probation."

In the instant case there definitely was a violation of the terms of probation but the circumstances thereof, in my opinion, as reflected by the evidence at the probation hearing, reveals that such violation was technical. This petitioner was not charged with any crime nor was he charged with the use of drugs, alcoholic beverage or anything of that nature. It is unquestioned that the charge against him in Maryland was immediately dismissed for the lack of evidence and certainly should not be used as a ground for revocation.

Reduced to basics, this young man's probation has been revoked because he travelled seven or eight miles outside the state at which time he was under the belief that he had blanket permission from his probation officer to go into Preston County. That he took a circuitous route outside the state because of weather conditions should be of little concern. Nothing adduced at the hearing reflected anything but a good reputation as a student and as a citizen. Nothing in that hearing, other than a pure technical violation of probation, warranted the imposition of a penitentiary sentence on this young man. Considering the admitted facts of this case, that Samuel Blaine Rose at the age of eighteen, while a freshman at the university, had in his possession a marijuana cigarette the size of two filters on an ordinary filter cigarette and considering further the favorable image portrayed at the hearing, which went uncontradicted, it is unconscionable, in my opinion, to subject this young college student to the obvious consequences of an extended term at the state penitentiary.

While, as herein noted, both the granting and revoking of probation are within the discretion of the proper court,

such discretion must be exercised with regard to the information before the court and must not be exercised in an arbitrary or capricious manner. Reflecting this proposition, the court in *People v. Wade,* 53 C. 2d 322, 1 Cal. Rptr. 683, 348 P.2d 116, said: "Probation is, therefore, a power that may be exercised in the discretion of the court. * * * But that discretion may not be exercised in an arbitrary or capricious manner. It must be impartial, guided by 'fixed legal principles, to be exercised in conformity with the spirit of the law.' * * * It has, therefore, been held error to deny probation without determining whether the statutory requirements for probation were present." That case further held that a court must not decide matters relating to probation until it is in possession of all of the relevant facts. See *People v. Burdick,* 117 Ill. App. 2d 314, 254 N.E.2d 148 and *State v. Douglas,* 87 Ariz. 182, 349 P.2d 622. See also *Mempa v. Rhay,* 389 U.S. 128, 88 S. Ct. 254, 19 L. Ed. 2d 336, wherein the court readily acknowledged that one's substantial rights are affected in a revocation of probation hearing.

Inasmuch as it is my opinion that the court abused its discretion in revoking probation in the circumstances of this case, I would reverse the action of the court.

I am authorized to say that Judge Haden concurs in the views expressed in this dissenting opinion.