# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0600** (Preston County 15-F-53)

**Robert Michael Larue,**
**Defendant Below, Petitioner**

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert Michael Larue, by counsel Jeremy B. Cooper, appeals the Circuit Court of Preston County's June 6, 2016, order sentencing him to two years of incarceration and ten years of supervised release. The State of West Virginia, by counsel David A. Stackpole, filed a response. On appeal, petitioner argues that the circuit court considered an impermissible factor in sentencing him.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 20, 2015, the Preston County grand jury indicted petitioner on three felony counts of distributing and exhibiting material depicting minors engaged in sexually explicit conduct, in violation of West Virginia Code § 61-8C-3 (1988).[1] Petitioner entered into a plea agreement whereby he pled guilty to one count of distributing and exhibiting material depicting minors engaged in sexually explicit conduct and the State dismissed the remaining two counts, agreed to forego prosecuting him in another matter, and agreed to leave sentencing to the trial court and not oppose probation.

On June 6, 2016, petitioner's sentencing hearing was held. At that hearing, the circuit court denied petitioner's request for probation

> because the Court finds that you're a high risk to re-offend. The
> Court is considering the recommendations of the Probation Office
> and Dr. Baker[, who conducted a pre-sentencing psychological

---

[1]Petitioner was indicted and convicted under the 1988 version of this statute. The statute was amended in 2014.

1

evaluation and sex offender risk assessment]. The Court is also considering this is in the Court's opinion a crime of violence, and it is not appropriate to grant probation or alternative sentence in your case.

Petitioner was sentenced to a determinate two-year term of incarceration and ten years of supervised release.

On appeal, petitioner argues that the circuit court considered an impermissible factor in sentencing him. Namely, petitioner contends that the circuit court erred in characterizing his offense as a crime of violence and in using that characterization to deny him an alternative sentence. "The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 273, 496 S.E.2d 221, 223 (1997).[2] Moreover, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 366, 287 S.E.2d 504, 505 (1982). We note first that petitioner's sentence is within the applicable statutory limitations. Specifically, West Virginia Code § 61-8C-3 (1988) provides that, upon conviction, an individual "shall be imprisoned in the penitentiary not more than two years, and fined not more than two thousand dollars." Thus, to be entitled to review, petitioner must establish that his sentence was based on an impermissible factor.

Petitioner claims that the circuit court's characterization of his crime as one of violence constitutes an impermissible factor. In support of his argument, petitioner claims that West Virginia Code § 62-12-2, which addresses eligibility for probation, does not preclude probation for those convicted of crimes involving acts of violence against a person. We disagree. During the pendency of this appeal, this Court decided *State v. Riggleman*, -- W.Va. --, 798 S.E.2d 846 (2017). In *Riggleman*, we held that

[d]istributing and exhibiting material depicting minors engaged in sexually explicit conduct in violation of West Virginia Code § 61-8C-3 (2014) is a crime that 'involve[s] an act of violence against a person' within the meaning of West Virginia Code § 27-6A-3(h) (2013) because it derives from and is proximately linked to physical, emotional, and psychological harm to children.

---

[2]Petitioner contends that he is asserting an error of statutory or constitutional dimension and urges application of a de novo standard of review. *See State v. Finley*, 219 W.Va. 747, 749, 639 S.E.2d 839, 841 (2006) ("The issue in this case calls on us to examine a question of constitutional dimension and as such, '[w]here the issue on an appeal from the circuit court is clearly a question of law . . . we apply a *de novo* standard of review.'" (citation omitted)). Petitioner, however, fails to state what statutory or constitutional command was violated. Accordingly, this Court declines to apply a de novo standard of review.

Syl. Pt. 5, *Riggleman*, -- W.Va. at --, 798 S.E.2d at 848. Thus, the circuit court's characterization was not improper.

Further, "[p]robation is a matter of grace and not a matter of right." Syl. Pt. 1, *State v. Rose*, 156 W.Va. 342, 342, 192 S.E.2d 884, 885 (1972). West Virginia Code § 62-12-2 does not mandate probation in any instance; rather, it outlines the circumstances under which an individual is eligible for probation. The statute addresses eligibility for probation, not the appropriateness of probation in a given case. Lastly, petitioner has failed to cite any authority that consideration of the nature of an individual's crime constitutes an impermissible factor. For these reasons, the circuit court did not abuse its discretion in sentencing petitioner.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: September 5, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker