# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-0815** (Braxton County 16-F-11)

**Keith Rodenbach,**
**Defendant Below, Petitioner**

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Keith Rodenbach, by counsel Melissa T. Roman, appeals the Circuit Court of Braxton County's August 2, 2016, order sentencing him to two terms of incarceration for not less than one nor more than ten years following his guilty plea to one count each of grand larceny and forgery, which were ordered to run consecutively. The State, by counsel Benjamin F. Yancey III, filed a response. On appeal, petitioner argues that the circuit court erred in denying his motion for alternative sentencing and in sentencing him to consecutive terms of imprisonment.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 29, 2015, petitioner stole a 2004 Ford truck and forged the signature on a sales receipt for goods in the amount of $87.98. On April 25, 2016, petitioner was charged by way of information with one count of grand larceny and one count of forgery. On that same date, petitioner waived his right to prosecution by indictment and pled guilty to the charges in the information. In exchange for petitioner's plea of guilty, the State dismissed all other criminal matters pending against petitioner and agreed to stand silent at sentencing. The circuit court accepted petitioner's plea, ordered a pre-sentence investigation report, and set the matter for sentencing on a later date.

On June 7, 2016, petitioner moved for probation or, in the alternative, home confinement. At petitioner's sentencing hearing, held on this same date, he was sentenced to imprisonment for not less than one year nor more than ten years on each count. Petitioner's motion for alternative sentencing was denied, and his sentences were ordered to run consecutively. On August 2, 2016, the circuit court entered its sentencing order memorializing petitioner's sentence, having determined that petitioner was a poor candidate for alternative sentencing on account of his prior criminal history, the nature of the offenses committed, his prior parole violations, his failure to benefit from prior opportunities, and his potential to re-offend. Petitioner appeals this order.

1

Petitioner contends on appeal that the circuit court erred in denying his motion for alternative sentencing. He argues that he was a good candidate for alternative sentencing because he cooperated with law enforcement, was remorseful for his actions, accepted responsibility by pleading guilty, and had a plan for reintegration into society. Petitioner also argues that the circuit court's imposition of consecutive sentences was overly harsh and disproportionate to his crimes under both the Eighth Amendment to the United States Constitution[1] and article III, section 5 of the West Virginia Constitution.[2]

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W.Va. 231, 565 S.E.2d 353 (2002). This Court finds that the circuit court did not abuse its discretion in denying petitioner's request for alternative sentencing. Simply, "[p]robation is a matter of grace and not a matter of right." Syl. Pt. 1, *State v. Rose*, 156 W.Va. 342, 342, 192 S.E.2d 884, 885 (1972). Likewise, a circuit court retains discretion in ordering home confinement: "As a condition of probation or bail or as an alternative sentence to another form of incarceration for any criminal violation of this code over which a circuit court has jurisdiction, a circuit court *may* order an offender confined to the offender's home for a period of home incarceration." W. Va. Code § 62-11B-4(a) (emphasis added). Despite petitioner's assertion that he was a good candidate for alternative sentencing, the circuit court found otherwise in noting petitioner's prior criminal history, the nature of the offenses committed in this case, his prior parole violations, his failure to benefit from prior opportunities, and his likelihood to re-offend. Thus, we find no error in the circuit court's denial of petitioner's request for alternative sentencing.

With respect to petitioner's contention that his sentences were disproportionate to his crimes, we have held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). Petitioner was convicted of grand larceny, in violation of West Virginia Code § 61-3-13(a), and forgery, in violation of West Virginia Code § 61-4-5(a). Upon conviction of grand larceny, a person "shall be imprisoned in the penitentiary not less than one nor more than ten years, or, in the discretion of the court, be confined in jail not more than one year and shall be fined not more than two thousand five hundred dollars." W. Va. Code § 61-3-13(a). Upon conviction of forgery, a person "shall be confined in the penitentiary not less than one nor more than ten years, or, in the discretion of the court, be confined in jail not more than one year and be fined not exceeding five hundred dollars." W. Va. Code § 61-4-5(a). Petitioner was sentenced to imprisonment for not less than one nor more than ten years of incarceration on his grand larceny conviction, and to not less than one nor more than ten years on his forgery conviction. Because his sentences are within statutory limits, and because petitioner

[1]The federal prohibition against cruel and unusual punishment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII.

[2]In relevant part, article III, section 5 of the West Virginia Constitution states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. Penalties shall be proportioned to the character and degree of the offence."

has not alleged any impermissible factors, these sentences are not subject to appellate review.

Accordingly, for the foregoing reasons, we affirm the circuit court's August 2, 2016, order.

Affirmed.

**ISSUED:** September 5, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis