# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-1129** (Jackson County 16-F-3)

**Anthony Slater,**
**Defendant Below, Petitioner**

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Anthony Slater, by counsel Kevin B. Postalwait, appeals the Circuit Court of Jackson County's November 2, 2016, order sentencing him to confinement in the penitentiary for not less than one nor more than three years. The State of West Virginia, by counsel Benjamin F. Yancey III, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his request for alternative sentencing or for incarceration in the regional jail and that his sentence is disproportionate to his crime.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 23, 2016, petitioner was indicted on one count of delivery of a controlled substance. He entered into a plea agreement with the State whereby he agreed to plead guilty to attempt to commit a felony, a lesser-included offense. In exchange, the State agreed to dismiss charges contained in a bound-over case, not file a recidivist information, and stand silent at sentencing. The plea agreement also informed petitioner that the maximum penalty that could be imposed was imprisonment in the penitentiary for not less than one nor more than three years or confinement in jail for not less than six months nor more than twelve months and a fine of up to $500.

At sentencing, petitioner requested home incarceration or, to the extent the circuit court felt that incarceration was proper, confinement in the regional jail. Finding that petitioner "benefited greatly from the plea agreement" due to the fact that he faced a shorter imprisonment time by pleading to a lesser-included offense and due to the State's agreement to waive filing a recidivist information, petitioner was sentenced to confinement in the penitentiary for not less than one nor more than three years. In imposing this sentence, the circuit court also noted that, due to petitioner's "rather continuous" contact with law enforcement since 2005, the court had concerns about petitioner's ability to abide by the terms of any release on community

1

corrections. The circuit court's order memorializing this sentence was entered on November 2, 2016, and it is from this order that petitioner appeals.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

On appeal, petitioner first contends that the circuit court abused its discretion in not granting his request for alternative sentencing or in sentencing him to incarceration in the regional jail. Petitioner submits that, in sentencing him to incarceration in the state penitentiary, the circuit court erroneously found that he "benefited greatly" from the plea agreement because the dismissed charge was one that the State acknowledged was based upon an improper traffic stop.

It is undisputed that petitioner's sentence was within statutory limits.[1] Thus, to be subject to appellate review, petitioner must identify some impermissible factor upon which the circuit court based the sentence. To the extent petitioner is arguing that the circuit court's comment that he "benefited greatly" from a plea agreement that dismissed a charge that the State may have faced difficulty proving amounts to an impermissible factor, he cites no law in support of such a conclusion. Not only that, but petitioner ignores the other bases the circuit court identified in stating that petitioner "benefited greatly" from the plea agreement. Namely, petitioner pled to a lesser-included offense that subjected him to a lighter sentencing than the crime on which he was indicted, and the State waived its right to file a recidivist information. Moreover, petitioner was not entitled to alternative sentencing. "Probation is a matter of grace and not a matter of right." Syllabus Point 1, *State v. Rose*, 156 W.Va. 342, 192 S.E.2d 884 (1972). Thus, we find that the circuit court did not abuse its discretion in denying alternative sentencing or denying incarceration in the regional jail.

Petitioner also claims that his sentence is disproportionate to his crime "given the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison within the same jurisdiction." Petitioner, however, provides no analysis in support of this contention. As such, and because "our constitutional proportionality standards . . . are basically applicable to those

---

[1]West Virginia Code § 61-11-8(2), sets forth the penalty for attempt to commit a felony:

[i]f the offense attempted by punishable by imprisonment in the penitentiary for a term less than life, such person shall be guilty of a felony and, upon conviction, shall, in the discretion of the court, either be imprisoned in the penitentiary for not less than one nor more than three years, or be confined in jail not less than six nor more than twelve months, and fined not exceeding five hundred dollars.

sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence[,]" we decline to address this assignment of error. Syl. Pt. 4, in part, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981).

For the foregoing reasons, the circuit court's November 2, 2016, order sentencing petitioner, is hereby affirmed.

Affirmed.

**ISSUED:** October 23, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker