# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 17-0759** (Upshur County 17-F-67)

**David Eugene Huskey,**
**Defendant Below, Petitioner**

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David Eugene Huskey, by counsel Melissa T. Roman, appeals the Circuit Court of Upshur County's August 7, 2017, order sentencing him to one to five years of incarceration following his conviction of failure to provide changes in sex offender registration information. The State of West Virginia, by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his request for alternative sentencing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2017, petitioner entered into a plea agreement whereby he waived his right to an indictment and pled guilty to one count of failure to provide changes in sex offender registration information in violation of West Virginia Code § 15-12-8(c).[1] The circuit court accepted petitioner's guilty plea and ordered that the probation department perform a presentence investigation report. Petitioner filed a motion for alternative sentence, which asserted that he was remorseful and was actively seeking treatment for his alcohol issues. On July 7, 2017, the circuit court granted petitioner's motion to continue sentencing and allowed petitioner more time to secure treatment. However, petitioner was unable to secure treatment.

---

[1]West Virginia Code § 15-12-8(c), sets forth the penalty for failure to provide changes in sex offender registration information and provides that an offender "is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility for not less than one year nor more than five years."

In August of 2017, the circuit court held a sentencing hearing and denied petitioner's motion for alternative sentencing. The circuit court sentenced petitioner to not less than one nor more than five years of incarceration with credit for one hundred and forty-six days served. Petitioner appeals this August 7, 2017, sentencing order.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). On appeal, petitioner contends that the circuit court erred in denying his request for alternative sentencing because he was a good and proper candidate for probation or home incarceration. In support, petitioner states that he was working and actively seeking treatment for his alcohol dependency since he entered his guilty plea. However, this Court has previously held "[p]robation is a matter of grace and not a matter of right." Syl. Pt. 1, *State v. Rose*, 156 W.Va. 342, 192 S.E.2d 884 (1972). Therefore, petitioner is not entitled to alternative sentencing. Accordingly, we find no error in the circuit court's denial of alternative sentencing.

Petitioner additionally argues that the imposition of incarceration is disproportionate to the offense, excessively harsh, and in violation of Article III, Section 5 of the West Virginia Constitution. We have held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). It is undisputed that petitioner's sentence was within statutory limits. Pursuant to West Virginia Code § 15-12-8(c), the possible penalty for petitioner's guilty plea was imprisonment for not less than one year nor more than five years and petitioner received that penalty. Thus, to be subject to appellate review, petitioner must identify some impermissible factor upon which the circuit court based his sentence. Petitioner did not identify any such impermissible factors in his brief on appeal. Accordingly, we find that the circuit court did not err in imposing sentence.

For the foregoing reasons, the circuit court's August 7, 2017, order sentencing petitioner is hereby affirmed.

Affirmed.

**ISSUED:  April 9, 2018**

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker