# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 17-0405** (Wood County 16-F-178)

**Adam Pauley,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Adam Pauley, by counsel G. Bradley Frum, appeals the Circuit Court of Wood County's March 31, 2017, order sentencing him to one to ten years of incarceration following his conviction of breaking and entering. The State of West Virginia, by counsel Shannon Frederick Kiser, filed a summary response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his request for alternative sentencing after his unsuccessful discharge from the Anthony Correctional Center.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2016, petitioner entered into a plea agreement whereby he waived his right to indictment and pled guilty to breaking and entering in violation of West Virginia Code § 61-3-12. Petitioner acknowledged that his guilty plea subjected him to confinement in a state correctional facility for not less than one nor more than ten years.[2] In exchange for petitioner's plea, the State agreed to recommend that petitioner be placed in the Anthony Center and to not pursue any further charges related to the underlying offense. The circuit court deferred acceptance of petitioner's plea until the receipt of a presentence investigation report.

---

[1]The Anthony Correctional Center is a minimum-security facility for young adults. Young adults are sent to the center as an alternative to the prison environment. The center's goal is to rehabilitate its inmates through vocational training, academic classes, counseling, work programs, and job placement services.

[2]West Virginia Code § 61-3-12(2), sets forth the penalty for breaking and entering and provides that an offender "upon conviction, shall be confined in a state correctional facility not less than one nor more than ten years."

The circuit court accepted petitioner's plea in November of 2016 and sentenced him to the Anthony Center Youthful Offender Program for a period of not less than six months nor more than two years. The Anthony Correctional Center warden deemed petitioner unfit to remain in the Anthony Center program in March of 2017 after he was cited for fighting and insubordination. Thereafter, petitioner returned to the jurisdiction of the circuit court.

The circuit court held a sentencing hearing in March of 2017. Petitioner moved for alternative sentencing, but the circuit court denied that motion. By its March 31, 2017 order, the circuit court sentenced petitioner to not less than one nor more than ten years of confinement with credit for 309 days served. Petitioner appeals that order.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

On appeal, petitioner contends that the circuit court abused its discretion in not granting his request for alternative sentencing. Petitioner argues that alternative sentencing would have allowed him to participate in substance abuse treatment. The Court, however, finds no abuse of discretion in the imposition of the sentence below.

It is undisputed that petitioner's sentence was within statutory limits. Thus, to be subject to appellate review, petitioner must identify some impermissible factor upon which the circuit court based the sentence. Petitioner did not identify any such impermissible factors. Instead, petitioner argues that home incarceration would have allowed him to participate in substance abuse treatment. However, petitioner was not entitled to alternative sentencing. "Probation is a matter of grace and not a matter of right." Syl. Pt. 1, *State v. Rose*, 156 W.Va. 342, 192 S.E.2d 884 (1972). Thus, we find that the circuit court did not abuse its discretion in denying alternative sentencing.

For the foregoing reasons, the circuit court's March 31, 2017, order sentencing petitioner, is hereby affirmed.

Affirmed.

**ISSUED:** April 9, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

2