# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 17-1024** (Logan County 12-F-103-O)

**Johnny N.,**
**Defendant Below, Petitioner**

**FILED**

**October 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Johnny N., by counsel Karen S. Hatfield, appeals the Circuit Court of Logan County's November 6, 2017, resentencing order on his convictions for incest, third-degree sexual assault, and displaying obscene matter to a minor. The State, by counsel Shannon Frederick Kiser, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in proceeding with resentencing when petitioner had not timely received the presentence investigation report and in denying him an alternative sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner previously entered into a plea agreement with the State whereby he agreed to plead guilty to two counts of incest, one count of third-degree sexual assault, and one count of displaying obscene matter to a minor in exchange for the dismissal of the remaining nineteen counts charged.[1] Due to an ambiguity in the plea agreement regarding the State's obligations to remain silent at sentencing, the circuit court granted petitioner's amended petition for writ of habeas corpus on the ground of unfulfilled plea bargain on September 29, 2017, and ordered that petitioner be resentenced.

On October 31, 2017, the parties appeared for resentencing. At this hearing, the circuit court inquired about the presentence investigation report, and the following exchange ensued:

> THE COURT:        Ms. Hatfield [petitioner's counsel], did you get a copy of the pre-sentence investigative report?

---

[1]Although petitioner's indictment was not included in the appendix record, the record reflects that these nineteen dismissed counts were also sex crimes. It is unclear from the record when the parties entered into their plea agreement.

MS. HATFIELD: I did, your Honor.

THE COURT: And did your client get a copy?

MS. HATFIELD: Yes.

THE COURT: Did you have a chance to go over that with him?

MS. HATFIELD: I did not. I did not go over it with him in detail. I spoke with him on the phone about it yesterday and I did not receive it until today.

He advised me that he had read it and he didn't have any issues with it.

THE COURT: Then are you prepared to go forward on sentencing?

MS. HATFIELD: Yes, your Honor.

Petitioner also acknowledged on the record that he received a copy of the report and reviewed it, but stated that he "ain't even sure what I'm looking at." The court, therefore, took an approximately thirty-minute recess to allow petitioner and his counsel to review the presentence investigation report. Once petitioner and his counsel returned to the courtroom, the court inquired, "Ms. Hatfield, have you had a chance to go over the report with your client in detail?" Counsel replied in the affirmative. The court asked whether there were any corrections, additions, or updates to be made to the report. Counsel replied that the only update was that petitioner's children were living with their mother instead of their maternal grandmother. The circuit court noted the correction.

At the resentencing hearing, petitioner moved for alternative sentencing. Petitioner argued that he had successfully completed every rehabilitation program available to him and that his psychological evaluations concluded that he was amenable to treatment and a low risk for re-offending. Petitioner also detailed his deteriorating health, including heart attacks. The court denied petitioner's request for an alternative sentence and sentenced him to imprisonment for five years for his displaying obscene matter to a minor conviction, not less than one nor more than five years for his third-degree sexual assault conviction, and not less than five nor more than fifteen years for each of his two incest convictions. The court further ordered that the sentences run consecutively. These rulings were memorialized in the court's November 6, 2017, order, and it is from this order that petitioner appeals.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W.Va. 231, 565 S.E.2d 353 (2002). Additionally, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982).

2

On appeal, petitioner first argues that the circuit court erred in proceeding with sentencing when he did not receive the presentence investigation report within the time frames set forth in Rules 43.01 or 43.02 of the West Virginia Trial Court Rules. Petitioner maintains that he received the report on the day of sentencing, and that the short recess afforded by the circuit court was insufficient to allow him to identify all of the alleged errors within the report. Namely, petitioner argues that the report inaccurately stated that he had a Facebook account, desktop computer, and video camera; failed to disclose that he underwent HIV and DNA testing; failed to include an accurate description of his medical history; and failed to list all of his rehabilitative efforts. Petitioner argues that the late disclosure affected his right to allocution.

Rule 43.01(a) of the West Virginia Trial Court Rules provides that

[i]n all cases where a presentence investigation report is prepared pursuant to W.Va. R.Crim.P. 32 and W.Va. Code § 62-12-7 or where the report is otherwise ordered by the court, the probation officer shall disclose the presentence investigation report to the defendant and to counsel for the defendant and to the attorney for the State not less than ten (10) calendar days prior to sentencing.

For good cause shown, a circuit court may modify the time requirements set forth above, "except that the ten (10)-day period in TCR 44.01(a) may not be reduced to a period of less than five (5) days prior to sentencing without the consent of the defendant." W.Va. T.C.R. 43.02(a).

Although petitioner's presentence investigation report was not produced within the time frame, petitioner failed to object to the late disclosure at his resentencing hearing. "One of the most familiar procedural rubrics in the administration of justice is the rule that the failure of a litigant to assert a right in the trial court likely will result in the imposition of a procedural bar to an appeal of that issue." *State v. Miller*, 194 W.Va. 3, 17, 459 S.E.2d 114, 128 (1995) (internal quotations and citation omitted). But, such errors may be considered under the "plain error" doctrine: "The 'plain error' doctrine grants appellate courts, in the interest of justice, the authority to notice error to which no objection has been made." *Id.* at 18, 459 S.E.2d at 129. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 7, 459 S.E.2d at 118, Syl. Pt. 7.

Assuming that an error is 'plain,' the inquiry must proceed to its last step and a determination made as to whether it affects the substantial rights of the defendant. To affect substantial rights means the error was prejudicial. It must have affected the outcome of the proceedings in the circuit court, and the defendant rather than the prosecutor bears the burden of persuasion with respect to prejudice.

*Id.*, Syl. Pt. 9.

Petitioner acknowledges that "the discrepancies and omissions did not substantially affect [his] rights or change the outcome of the proceeding below." Indeed, the corrections or additions

3

petitioner argues he would have brought to the circuit court's attention were largely orally addressed at sentencing and in his "Motion for Alternative Sentencing" and "Supplemental Motion for Alternative Sentencing" filed prior to sentencing. These motions detailed petitioner's remorse, cooperation with authorities, amenability to treatment, lack of prior criminal history, health issues and related assertion that "[a]dequate health care resources are not available to him in prison[,]" and his completion of "every rehabilitation class available to him[.]" Thus, even assuming error in timely providing petitioner with the presentence investigation report, we find that petitioner's substantial rights were not prejudiced as the additions or corrections he would have made to the presentence investigation report were addressed at or prior to sentencing. Accordingly, petitioner has failed to demonstrate error in this regard.

Petitioner also assigns as error the circuit court's failure to grant him an alternative sentence. Petitioner argues that he has completed every rehabilitation class available to him and has the support of his family and community members. Further, petitioner states that two psychological evaluations concluded that he was amenable to treatment and possessed a low likelihood of reoffending. Petitioner argues that these circumstances warranted an alternative sentence.

This Court finds that the circuit court did not abuse its discretion in denying petitioner's request for alternative sentencing. Simply, "[p]robation is a matter of grace and not a matter of right." Syl. Pt. 1, *State v. Rose*, 156 W.Va. 342, 342, 192 S.E.2d 884, 885 (1972). Likewise, a circuit court retains discretion in ordering home confinement: "As a condition of probation or bail or as an alternative sentence to another form of incarceration for any criminal violation of this code over which a circuit court has jurisdiction, a circuit court *may* order an offender confined to the offender's home for a period of home incarceration." W.Va. Code § 62-11B-4(a) (emphasis added). Despite petitioner's assertion that he was a good candidate for alternative sentencing, the circuit court found otherwise in noting, among other things, petitioner's grooming of his intellectually challenged victim and the length of time over which the sexual abuse occurred. Thus, we find no error in the circuit court's denial of petitioner's request for alternative sentencing.

Accordingly, for the foregoing reasons, we affirm the circuit court's November 6, 2017, resentencing order.

Affirmed.

**ISSUED:** October 19, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating

4