# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-0017** (Calhoun County 18-F-2 and 18-M-4)

**Michael Wayne Cain,**
**Defendant Below, Petitioner**

**FILED**

**February 3, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michael Wayne Cain, by counsel Kevin M. Hughart and M. Tyler Mason, appeals the Circuit Court of Calhoun County's December 19, 2018, order revoking his probation and sentencing him to an indeterminate term of one to five years of incarceration for his child abuse resulting in injury conviction. Respondent State of West Virginia, by counsel Scott E. Johnson, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 2, 2018, petitioner was indicted on one count of child abuse resulting in injury following an incident where, according to the criminal complaint, he admitted to his wife, the child's mother, that he "might have smacked [his stepson] to [sic] hard." As also documented in the criminal complaint, the four-year-old child's injuries included "dark red bruising" and "darker purple lines" across his hips and buttocks.

During the course of petitioner's criminal proceedings, he underwent a psychological examination to determine criminal responsibility. The evaluating psychologist determined that petitioner's "mental health issues can be considered contributory but **did not** constitute a mental disease or defect that rendered him unable to appreciate the wrongfulness of his actions or conform his conduct to the requirements of the law."

On May 16, 2018, the parties entered into a "high/low" plea agreement under Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure.[1] Under this agreement, petitioner

---

[1] That Rule allows for an agreement wherein the State and defendant "[a]gree that a specific sentence is the appropriate disposition of the case." W. Va. R. Crim. P. 11(e)(1)(C).

agreed to enter conditional guilty pleas to the child abuse resulting in injury count charged in the indictment; domestic battery, a misdemeanor charged by information; and child abuse creating a substantial risk of bodily injury, a lesser-included offense of child abuse resulting in injury. The State agreed that petitioner's sentence would be deferred for five years, during which time petitioner would be placed on probation with the special condition that he continue in individual therapy for as long as recommended by his therapist ("deferred adjudication probation"). If petitioner complied with the terms and conditions of his deferred adjudication probation for five years, the State agreed to dismiss the child abuse resulting in injury charge, leaving petitioner convicted only of the misdemeanor offenses of domestic battery and child abuse creating a substantial risk of injury. Petitioner would further be subject to a period of probation not to exceed seven years, with credit given for the time served on deferred adjudication probation. But if petitioner violated the terms or conditions of his deferred adjudication probation, causing the circuit court to revoke it, the misdemeanor offenses would be dismissed and petitioner would be adjudged guilty of child abuse resulting in injury. The State would be free to speak at sentencing.

Noting that the five-year deferred adjudication probation period was unlawful under the applicable statute, West Virginia Code § 61-11-22a(b),[2] the circuit court rejected the initial plea agreement but accepted an amended agreement providing for nearly identical terms save for the five-year deferred adjudication probation period, which was reduced to three years. The circuit court accepted the amended plea agreement on September 24, 2018.

The State moved to revoke petitioner's deferred adjudication probation on December 11, 2018. In its motion, the State alleged that petitioner violated the terms and conditions of his probation by attending a wine and jazz festival; failing to report for a scheduled monthly office visit with his probation officer ("PO"); failing to advise his PO of contact with law enforcement that resulted in him being asked to leave school grounds after his son's (not the victim) football game; failing to advise his PO of a change in employment; providing false information to his PO regarding his change in employment; failing to notify his PO of his Facebook account; and possessing a pellet gun, lead pellets, knives, tobacco pipe, and empty bottles of alcohol.

The parties appeared for a hearing on December 19, 2018, to address the deferred adjudication probation revocation motion and the status of petitioner's conditional guilty pleas. Petitioner admitted to most of the allegations set forth in the State's motion. He denied being questioned by law enforcement, stating only that he had contact with law enforcement, and he claimed that the pellet gun belonged to his son. The circuit court found that petitioner violated his deferred adjudication probation and, per the terms of the plea agreement, adjudged petitioner guilty of child abuse resulting in injury.

The court then proceeded to sentencing. Petitioner's counsel stated that if petitioner "had already stood convicted of—or just be a regular probation revocation, the [c]ourt could use the Reinvestment Act" and urged the court to "consider the Reinvestment Act and place [petitioner]

---

[2] West Virginia Code § 61-11-22a(b), governing deferred adjudication, provides, in part, that "[i]f the offense to which the plea of guilty is entered is a felony, the circuit court may defer adjudication for a period not to exceed three years."

back on probation."[3] The court found that probation would not be appropriate, however, because "[i]t's just a combination of things that's just too much for me to allow you to continue on probation or to consider that this is a technical violation that merits some kind of technical sanction." Accordingly, the court sentenced petitioner to not less than one nor more than five years of incarceration for his child abuse resulting in injury conviction.

In the court's December 19, 2018, order memorializing petitioner's sentence, it further noted that petitioner "failed to comply with the rules of probation from early on in his probation term" and that, "while most of the violations could be considered minor, the totality of the circumstances and violations show a pattern of non-compliance with probation and an unwillingness to cooperate with community supervision." Thus, the court concluded that petitioner was "not a good candidate for probation." This appeal followed.

In reviewing sentencing orders, this Court employs "a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997).

Petitioner asserts three assignments of error on appeal. First, he argues that the court's revocation of his deferred adjudication probation and imposition of the term of incarceration was unconstitutionally disproportionate to the character and degree of his infractions and, therefore, constituted cruel and unusual punishment. Petitioner also claims that he was denied due process in the court's "arbitrary and capricious revocation" following "such trite violations" of his deferred adjudication probation. Petitioner states that, instead, "it may have been appropriate for the circuit court to sentence him to jail . . . for a period of confinement up to sixty days," per West Virginia Code § 62-12-10(a)(2).

Under West Virginia Code § 61-11-22a, which pertains to deferred adjudication, a circuit court,

> [u]pon the entry of a guilty plea to a felony or misdemeanor . . . entered in compliance with the provisions of West Virginia Rule of Criminal Procedure 11 . . . and applicable judicial decisions, . . . may, upon motion, defer acceptance of the guilty plea and defer further adjudication thereon and release the defendant upon such terms and conditions as the court deems just and necessary.

*Id.* § 61-11-22a(a). In accordance with the parties' plea agreement, petitioner entered his guilty pleas and was released on deferred adjudication probation; however, only a short time after being placed on deferred adjudication probation, petitioner was found to be in violation of its terms and conditions. When this occurs, the deferred adjudication statute provides as follows:

> In the event the court determines that there is reasonable cause to believe that the defendant violated the terms and conditions imposed at the time the plea was

---

[3] Petitioner is referencing West Virginia Code § 62-12-10, which, among other things, allows for "a period of confinement up to sixty days" following a first probation violation. *Id.* § 62-12-10(a)(2).

entered, the court may accept the defendant's plea to the original offense and impose a sentence in the court's discretion in accordance with the statutory penalty of the offense to which the plea of guilty was entered or impose such other terms and conditions as the court deems appropriate.

*Id.* § 61-11-22a(e). The circuit court acted properly and in conformity with this statute as well as the parties' plea agreement in revoking petitioner's deferred adjudication probation, adjudging him guilty of child abuse resulting in injury, and imposing the statutory penalty for that crime of not less than one nor more than five years of incarceration.

With respect to petitioner's argument that the sixty-day term of incarceration for first-time probation violations provided for in West Virginia Code § 62-12-10(a)(2) "*may* have been appropriate" (emphasis added), we note that petitioner recognized at the December 19, 2018, hearing that, procedurally, he was not appearing before the court under "a regular probation revocation." Nonetheless, we further note that the statute petitioner urges this Court to apply also allows for a departure from the sixty-day term of confinement "upon making specific written findings of fact supporting the basis for the departure." *Id.* § 62-12-10(c). In its order, the court made clear that petitioner was "not a good candidate for probation" due to his failure "to comply with the rules of probation from early on in his probation term" and his demonstrated "pattern of non-compliance with probation and an unwillingness to cooperate with community supervision." Accordingly, we find no error in the court's revocation of petitioner's deferred adjudication probation and imposition of the statutory penalty for child abuse resulting in injury.

Similarly, there is no merit to petitioner's assertion that the revocation was arbitrary and capricious or that his sentence violates constitutional proportionality principles. In support of his argument that revocation was "arbitrary and capricious," petitioner cites to *State v. Rose*, 156 W. Va. 342, 192 S.E.2d 884 (1972), where, in Justice Caplan's dissent, he argued that while "revoking of probation [is] within the discretion of the proper court, such discretion . . . must not be exercised in an arbitrary or capricious manner" and must be "guided by 'fixed legal principles, to be exercised in conformity with the spirit of the law.'" *Id.* at 350-51, 192 S.E.2d at 889 (Caplan, J., dissenting) (citation omitted). As set forth above, petitioner admitted to the probation violations, and his probation was revoked and sentence imposed in accordance with the applicable statute and the plea agreement. He has failed to demonstrate that this amounts to arbitrary and capricious action. We also note that "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). Petitioner's sentence does not fit within either of these scenarios; therefore, his proportionality challenge is unfounded.

In petitioner's second assignment of error, he argues that the circuit court failed to properly consider evidence presented in his psychological evaluation before sentencing him. In his third assignment of error, he claims that he received "fundamentally unfair treatment" in his underlying case from the magistrate, who was "close friends with" petitioner's ex-wife, and the probation officer, who stayed overnight at petitioner's home when he was a child. Neither of these assignments of error is compliant with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which requires that briefs contain

an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on. . . . The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal.

Under this Rule, this "Court may disregard errors that are not adequately supported by specific references to the record on appeal." *Id.* Moreover, in a December 10, 2012, Administrative Order Re: Filings That Do Not Comply With the Rules of Appellate Procedure, this Court advised that "[b]riefs that lack citation of authority, fail to structure an argument applying applicable law, fail to raise any meaningful argument that there is error, or present only a skeletal argument" are not compliant with this Court's Rules. Because these assignments of error contain no citations to relevant authority or arguments applying such authority, they are inadequately briefed and we decline to consider the merits of them. *See State v. Sites*, 241 W. Va. 430, 825 S.E.2d 758 (2019) (declining to address an assignment of error that was "inadequately briefed and fail[ed] to comply with the administrative order and our appellate rules").

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 3, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison