# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 18-0862** (Mercer County 17-F-7)

**Nicholas Heaton,**
**Defendant Below, Petitioner**

**FILED**

**January 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Nicholas Heaton, by counsel Steven K. Mancini, appeals the Circuit Court of Mercer County's September 6, 2018, order revoking his probation. Respondent State of West Virginia, by counsel Elizabeth Grant, filed a summary response in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in finding that there was sufficient evidence to support the revocation of his probation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2016, petitioner was charged, in a twenty-six count indictment, with burglary, grand larceny, attempt to commit a felony, and entering without breaking into an automobile.[1] Pursuant to a plea agreement on March 20, 2018, petitioner pled guilty to three counts of burglary, one count of grand larceny, two counts of attempt to commit a felony, and two counts of entering without breaking into an automobile. Thereafter, he was sentenced to one to ten years in prison for each of the burglary and grand larceny charges; one to three years on the attempt to commit a felony charges; and a determinate term of two months for the misdemeanor charges of entering without breaking into an automobile. The circuit court ordered the sentences for the felony convictions to run concurrently and determined that petitioner's two-month sentences for the two misdemeanors had been satisfied. Ultimately, the court suspended petitioner's sentence for the felony convictions and placed petitioner on a two-year term of probation.

As a condition of his probation, petitioner was required to abide by a number of rules and regulations, including that he would not associate with persons who "are consuming alcohol" or

---

[1] Subsequently, an information was filed against petitioner, charging him with one additional count of attempt to commit a felony.

1

"persons who use, [sell], or are involved in controlled substances." Petitioner was further required to "report to [his] probation officer monthly, or any other time [his] probation officer" told him to report and was directed to "not attempt to abscond, avoid, or evade probation supervision."

The parties do not dispute that, on July 25, 2018, petitioner was at his residence when his friend, Cody Dailey, entered the residence with "a case of beer." Petitioner acknowledges that he admitted Mr. Dailey into his residence despite knowing Mr. Dailey was in possession of and consuming alcohol. While petitioner contends that he permitted Mr. Dailey to enter his residence simply so he could wait for a ride, petitioner admits that, while Mr. Dailey was at his residence, Mr. Dailey went into the bathroom and consumed a controlled substance that caused him to overdose.[2]

The day following the overdose incident at petitioner's residence, petitioner's probation officer made multiple attempts to contact him – calling him, going to petitioner's home, calling petitioner's fiancé, and calling petitioner's employer (who advised that petitioner had "called in sick"). The probation officer continued to attempt to locate petitioner in the subsequent days and was ultimately advised by petitioner's grandmother that petitioner was out of town on a camping trip and unreachable.

Upon returning home, on July 30, 2018, petitioner self-reported to his probation officer. Petitioner advised the probation officer that he had been on a camping trip at a remote location with his fiancé and several friends.[3] Petitioner admitted to calling his employer while on his camping trip and reporting that he would be missing work due to illness; he also claims that, after telephoning his employer, that he dropped and broke his phone, rendering it unusable. Petitioner's fiancé stated that her cell phone battery went dead while the couple was camping and she did not receive any messages from the probation officer until Monday, July 30, 2018. Petitioner claims that he did not know his probation officer was trying to reach him until he returned home on July 30, 2018, at which time he immediately reported to the probation office.

On July 31, 2018, respondent filed a petition to revoke petitioner's probation, alleging that petitioner admittedly associated with persons who were consuming alcohol, that he did not report to the probation officer when the officer tried to reach him by telephone and home visit, and that petitioner attempted to abscond. A hearing was held on the revocation petition on September 4, 2018, at which the probation officer, petitioner, his fiancé, petitioner's mother, and grandmother testified. Two days later, the circuit court issued its order revoking petitioner's probation. On September 24, 2018, petitioner filed a "motion for reconsideration" of the revocation of his probation, arguing that the circuit court did not include specific written findings of fact in its revocation order.

By amended order, entered October 1, 2018, the circuit court confirmed its revocation of petitioner's probation and set forth detailed findings. Specifically, the court found that petitioner

---

[2] Mr. Dailey fully recovered from the overdose.

[3] The record reflects that petitioner left on the camping trip on the night of the overdose incident, a Wednesday, and did not return home until the following Monday.

2

clearly violated the terms and conditions of his probation by associating with persons consuming alcohol and using controlled substances; by failing to notify his probation officer of the overdose incident at petitioner's residence or his camping trip; and by failing to timely respond to the probation officer's multiple telephone calls and visits. Due to these violations of the terms and conditions of his probation, the court reasoned that, pursuant to West Virginia Code § 62-12-10, revocation of petitioner's probation was warranted. It is from the circuit court's October 1, 2018, amended order that petitioner now appeals.

We have held that

> [w]hen reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a de novo review."

Syl. Pt. 1, *State v. Duke*, 200 W. Va. 356, 489 S.E.2d 738 (1997).

West Virginia Code § 62-12-10(a)(1) and (2) addresses the violation of probation and provides that

> [i]f at any time during the period of probation there shall be reasonable cause to believe that the probationer has violated any of the conditions of his or her probation, the probation officer may arrest him or her with or without an order or warrant, or the court which placed him or her on probation, or the judge thereof in vacation, may issue an order for his or her arrest, whereupon he or she shall be brought before the court, or the judge thereof in vacation, for a prompt and summary hearing.
>
> (1) If the court or judge finds reasonable cause exists to believe that the probationer: (A) Absconded supervision; (B) Engaged in new criminal conduct other than a minor traffic violation or simple possession of a controlled substance; or (C) violated a special condition of probation designed either to protect the public or a victim; the court or judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed and order that sentence be executed.
>
> (2) If the judge finds that reasonable cause exists to believe that the probationer violated any condition of supervision other than the conditions of probation set forth in subdivision (1) of this subsection then, for the first violation, the judge shall impose a period of confinement up to sixty days or, for the second violation, a period of confinement up to one hundred twenty days. For the third violation, the judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed and

3

order that sentence be executed, with credit for time spent in confinement under this section.

Here, the circuit court found that the revocation of petitioner's probation was "authorized under West Virginia Code § 62-12-10[(a)(1)(A)]." On appeal, petitioner argues that there is no allegation that he committed another crime or violated a special condition of his probation designed to protect the public or a victim. Therefore, to revoke petitioner's probation under West Virginia Code § 62-12-10(a)(1), as opposed to ordering a sixty-day term of imprisonment for a first violation as outlined in West Virginia Code § 62-12-10(a)(2), it was necessary for the court to find that petitioner absconded supervision, which petitioner contends was insufficiently established. Simply put, petitioner argues that it was illogical for the circuit court to find that he violated the terms of his probation by attempting to "abscond supervision" by failing to promptly report to his probation officer, as the record reflects that petitioner reported to his probation officer upon returning home from his camping trip.

We disagree. This Court has long recognized that "[p]robation is a matter of grace and not a matter of right." Syl. Pt. 1, *State v. Rose*, 156 W. Va. 342, 192 S.E.2d 884 (1972). Here, regardless of any determination of whether or not petitioner "absconded supervision," the circuit court was within its discretion, pursuant to West Virginia Code § 62-12-10(c), to revoke petitioner's probations for the violations described herein. West Virginia Code § 62-12-10(c) provides, in pertinent part, that ". . . a judge may otherwise depart from the sentence limitations set forth in subdivision (2), subsection (a) of this section upon making specific written findings of fact supporting the basis for the departure."

The circuit court's revocation of petitioner's probation is supported by testimony from the final revocation hearing, including direct admissions from petitioner that he knowingly violated express terms of his probation. In its amended order revoking petitioner's probation, the court specifically found petitioner's contention that a broken phone prohibited his communication with his probation office to be "unpersuasive" and reasoned that "[t]here is no rational way the [c]ourt can excuse [petitioner's] failure to make a phone call to the probation office – officer and keep him notified as to what was going on."[4] Further, as the court referenced in its colloquy with petitioner at the revocation hearing that petitioner was well aware of the conditions of his probation and:

The court:    You had a thirty-one count indictment. You pled that down to five counts. I let them all run concurrently. You could have been sentenced from five years to forty-three years in the penitentiary. And I put you on probation. And, I think I told you zero tolerance when I put you on probation. Do you recall that?

Petitioner:   Yes sir

---

[4] During the revocation hearing, when questioned as to whether he was concerned about the police being at his residence on the night of the overdose incident, petitioner replied "[y]es and I was concerned about talking to them, but I was just scared. I was just scared of the outcome. I've been doing real well and then something bad happens. It was just hard to deal with."

The court:    You know what zero means?

Petitioner:   Yes sir.

\*         \*         \*

The court:    . . . You know better than to be hanging around this guy. All the years you're facing or could have faced, I'd have run in the house and locked the door, even called the police and say there's a guy out here with alcohol and I can't be around it. But, you didn't do that.

Based on such findings, and the limited facts and circumstances of this case, we find that the court did not abuse its discretion in revoking petitioner's probation.

For the foregoing reasons, we affirm the circuit court's October 1, 2018, amended order revoking petitioner's probation.

Affirmed.

**ISSUED:** January 13, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

5